SHIPPEN, *Prefident*:—As the law that has prevailed upon this 1788. fubject, is adapted to the peculiar fituation of the country, it will naturally differ from the law which is eftablifhed in other places, under different circumftances. Thus, though in *England*, the fhop-book of a tradefman is not evidence of a debt, without the affiftant oath of the clerk who made the entry; yet *here*, from the neceffity of the cafe, as bufinefs is often carried on by the principal, and many of our tradefmen do not keep clerks, the book, proved by the oath of the Plaintiff himfelf, has always been admitted. The practice, in this refpect, however, has been confined to charge the original debtor, to whom the goods were fold; for, the neceffity of the cafe only required, that the Plaintiffs oath fhould be allowed to prove the actual delivery; and it would be highly dangerous, if the evidence were extended to eftablifh the affumption of a third perfon to pay the debt.

It is the duty of the Jury, therefore, to confider, whether the Defendant, on the prefent occafion, is the original debtor, or merely a perfon affuming to pay the debt of another. If, indeed, it appears, that he has fent a fervant, or tradefman, for thefe goods, on his own account, he is clearly liable; for, when they come to his ufe, *that* makes him the original debtor. But, if I go to a fhop with a joiner, and fay to the mafter, " I will fee you paid for the articles with which you truft this man ;" here, though I am liable upon proof of this undertaking, yet it is not in the character of the original debtor, for the joiner who received the goods is the original debtor; but it is on account of what the law terms my collateral promife; which cannot be proved by the teftimony of the party interefted, but, may by a note in writing, or by fome indifferent witnefs to the tranfaction.

In the cafe before us, the evidence of the Juftice (Mr. *Howell*) is not certain as to the circumftances; for, the goods were delivered in fmall parcels, from time to time; they were fuch as fuited the joiner's bufinefs; and, even from the Plaintiff's own account, they were applied to his ufe, though the Defendant was confidered to be liable for the payment. Whether thefe facts, therefore, and the Defendant's previous purchafe at the Plaintiff's ftore, will account for the acknowledgement of having received *a part*, the Jury muft determine. But if they are of opinion, that the Defendant has only affumed to pay the debt of another perfon, the Plaintiffs cannot be witneffes in the caufe, and, confequently, there is no proof of the affumption. On the contrary, if they think the Defendant is the original debtor, the Plaintiffs are witneffes to prove the entry in their book, and they are entitled to recover the amount of their demand.

VERDICT for the Defendant.

## BROWN *verfus* SUTTER.

SHIPPEN, *Prefident*, faid, in this cafe, that the court would never open a regular Judgment, to let in a plea of the ftatute of limitations.

NEWMAN