# Sossong *versus* Rosar.

1. Where a judgment, entered upon a warrant of attorney, is opened generally and without terms, the plaintiff is put to his proof of cause of action precisely as if no judgment had been entered. Any defence which would have been available to the defendant, if an action had been brought, instead of a judgment entered upon the instrument in suit, may be set up on the trial. The burden of proof is upon the plaintiff, and he must make out his case subject to the defendant's right to defeat him, upon any ground that would have sufficed for that purpose if no judgment had been entered.

2. Where a defendant files an affidavit setting out a release of the debt and a forgery of the note upon which a judgment is entered as his defence to the judgment, and the court opens the judgment generally, he will not be confined in the issue to the defence set out in his affidavit, but may plead the Statute of Limitations against the plaintiff's right to recover.

February 23d, 1886. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas, of *Lackawanna county*: Of January Term, 1886, No. 361.

This was an issue between Valentine Rosar and Caspar Sossong, in which a note of Sossong payable to Rosar for $300, containing a confession of judgment, stood as the declaration and *non assumpsit* and *non est factum*, with leave to alter or amend, and the Statute of Limitations were the pleas.

The facts of the case, as shown on the trial before HAND, P. J., sufficiently appear in the general charge of the court and in the opinion of the Supreme Court.

The defendant presented the following point:

The note in suit is barred by the Statute of Limitations, and the plaintiff cannot recover.

*Answer.* We have already answered that in the negative, and we answer it now in the negative, that the claim is not barred by the Statute of Limitations.

In the general charge the court instructed the jury, *inter alia*, as follows:

112 197|
114 509|

112 197
141 295

112 197
154 505

112 197
163 237|

112 197
21 SC ¹320

112 197
209 ⁵514

112 197·
212 ¹461;
28 SC ¹161

[Sossong *v.* Rosar.]

This is an issue between Valentine Rosar, plaintiff, and Caspar Sossong, defendant, to determine a single fact, namely, whether the note, which is the foundation of this case, is a valid note. The issue framed here arises as follows: We state this, not so much because of its importance in your investigation, as simply to place in order the pleadings for the convenience of further adjudication in the future, if necessary. The note is dated April 1st, 1871, at Scranton, payable two years after date. It contains a warrant and confession of judgment. The 4th of January, 1882, judgment was entered on this note for $300, with interest from April 1st, 1871. This judgment was entered on the proper affidavit with leave of court as required by the rules of court. After the judgment was entered the defendant came in and asked leave to have the judgment opened that he might be allowed to defend against the note. His alleged defence was, first, that the plaintiff forgave him the debt; and, second, that the note was a forgery. The judgment was opened and an issue awarded, the note to stand as a declaration. The defendant first filed a plea of *non assumpsit* and *non est factum*, which means that he did not assume to pay and did not sign the note. On the trial the defendant has entered the plea of the Statute of Limitations. We say to you now, gentlemen of the jury, that this plea of the Statute of Limitations cannot prevail in this case. This is an equitable proceeding, the judgment was properly entered, and was opened for the purpose of defending against the debt on the ground of forgery and a release of the debt. The law does not favor the Statute of Limitations, although it gives a party the full benefit of it when entitled to it, and the condition has sometimes been made by the court, when a judgment is opened, that the statute shall not be pleaded; so we say to you that in this case the Statute of Limitations cannot apply. We say at the outset that this case, under the construction of the law which we will give to you, is wholly a case for the jury upon the question of fact that is raised in the case, and it requires your careful consideration in order that your verdict may be such a one as the evidence sustains.

The remainder of the charge was in relation to the defence of forgery and of the release of the debt.

Verdict for the plaintiff for $441, and thereupon judgment; whereupon the defendant took this writ, assigning for error, *inter alia*, the answer to his point.

*Smith & Ranck* for plaintiff in error.—That the Statute of Limitations may be successfully pleaded against a note, such as the one now in question, is settled by Herman *v.* Rinker, 106

[Sossong v. Rosar.]

Pa. St., 121, and the only question that now remains is, when a judgment regularly entered upon a note barred by the statute is for any purpose opened generally without any condition being reserved by the court, at the time of the opening of the judgment, is not the note, or its consideration, subject to all legal and equitable defences? That it is, would seem to be the ruling in Herman v. Rinker, 106 Pa. St., 121. An attempt is made to distinguish the case in hand from the one just cited, by the fact that in this case the judgment was regularly entered, while in Herman v. Rinker it was not so entered. But while the court makes use of this fact, in aid of the propriety of opening the judgment in Herman v. Rinker, it is not taken into any account on the question of the note being barred by the statute. And it seems reasonable that it could not be deemed of any materiality on the latter question.

Its materiality on the question of the court's right to open the judgment is plain, but its immateriality, as to controlling the question of defence to an opened judgment, is equally plain. If this be true, then this case is ruled by Herman v. Rinker, 106 Pa. St., 121.

GORDON, J. Did the court at the time of opening the judgment direct what the pleas should be?

*Ranck.* No, sir.

*Fred. W. Gunster (Charles H. Wells* with him), for defendant in error.—We believe there was no error in the answer of the court to the defendant's point; " the judgment was properly entered, and was opened for the purpose of defending against the debt on the ground of forgery and a release of the debt," " and the Statute of Limitation does not apply."

CLARK, J. Was the defendant's affidavit filed?

*Gunster.* Yes, sir.

The Statute of Limitations was passed 27th March, 1713, 1 Sm., 76, and applied only to the remedies therein mentioned, and which were the remedies at that time provided by law.

The Act of 24th March, 1806, 4 Sm., 278, gave a new remedy, which is neither within the letter nor spirit of the Act of 1713.

We believe that there is a clear and fair distinction to be made between those cases in which suit was brought, such as actions of trespass, trover, debt, etc., commenced by summons, and cases in which judgment was entered under the Act of 24th February, 1806, § 28, on a note, bond, or other instrument of writing, in which judgment is confessed, or containing a warrant for an attorney, etc., or to confess judgment.

The present case belongs to the second class. The judgment was regularly entered on a note in which judgment is confessed.

[Sossong *v.* Rosar.]

The question is very fully and ably discussed in at least three reported cases decided by the Common Pleas of this state, to which we beg leave to refer: Morris *v.* Hannick, 3 Luz. Leg. Reg., 56; s. c. 10 Phila. Rep., 571. Opinion by HARDING, P. J. Person *v.* Weston, 10 Luz. Leg. Reg., 173. Opinion by DREHER, P. J. Pierce *v.* McClurg, Chester Co., R., 241; s. c., 13 L. B., 94. Opinion by FUTHEY, P. J.

Our judgment was regularly entered after full compliance with the rules of court, and is not like Herman *v.* Rinker, 106 Pa. St., 121, in which the judgment was irregularly entered, and in violation of the rule of court. There may have been propriety in opening a judgment and permitting the statute to be pleaded in that case, because the judgment was irregular. There is no propriety in doing so in case of a regular judgment.

The debt has never been discharged, and the only effect of the Statute of Limitations is to take away the particular remedies mentioned by that statute. If an action of debt or assumpsit had been brought on the note, and the statute pleaded, it might have been a bar to the action. But that was not the remedy pursued. We took another remedy, one expressly given by the Act of Assembly, and one not mentioned, directly or by implication, by the Statute of Limitations.

Mr. Justice GREEN delivered the opinion of the court, April 5th, 1886.

The instrument upon which the judgment in this case was entered was a promissory note dated April 1st, 1871, payable two years after date, with a clause added containing a confession of judgment, release of errors, and waiver of appeal, inquisition and all exemption laws. It was not under seal. Without the authority for entering judgment, it, of course, was subject to the operation of the Statute of Limitations. Does the presence of that authority in the instrument deprive the maker absolutely of the right to plead the statute if the circumstances are such as to afford him the opportunity? That seems to be the very question in this case. The payee of the note held it until January 4th, 1882, nearly eleven years from its date, and nearly nine years after its maturity. Then he made the affidavit required by the rules of court, presented it to a judge, who granted leave to enter judgment upon it, and on the same day entered the judgment in the court below. Subsequently upon affidavit filed by the defendant touching the authenticity of the instrument, the judgment was opened generally and without terms. On the trial the defendant pleaded the Statute of Limitations, the learned court below held it was no bar, and this is the principal error assigned.

[Sossong v. Rosar.]

It is a very long time since this court ceased to regard the plea of the Statute of Limitations as an unconscionable plea. As long ago as in 1842, we said, GIBSON, C. J., in Ekel v. Snevily, 3 W. & S., on p. 273, "It was said in Brown v. Sutter (1 Dall., 239), that a judgment will not be opened to let in the Statute of Limitations; but as the plea of that statute has since been considered in Shock v. McChesney (4 Yates, 507), and The Bank v. Israel (6 S. & R., 294), to be no longer an unconscionable one, the rules of practice would scarce be held so now." Many times since we have commended it as a meritorious defence, and have described it as a statute of repose tending to the peace of families and the quieting of titles. The courts both of England and this country, including this court, have carried it into the equity practice and followed the law in all analogous cases upon principles of the soundest public policy. The cases upon this subject are fully collected in the exhaustive opinion of our brother PAXSON in York's Appeal, 17 W. N. C., on p. 35.

In Herman v. Rinker, 10 Out., 121, a judgment by confession was opened by the court below for the very purpose of letting in the defence of the Statute of Limitations, and we sustained the court in so doing. It is true we said there was a propriety in opening the judgment in that case because it was entered without leave of the court upon a note which on its face was barred by the statute, but our decision was not placed upon that ground only. We held it was a matter in the discretion of the court below in any event, and we could see no error in opening the judgment.

A very sufficient reason lies in the fact that the defendant has had no hearing. When judgment is entered by confession, and, if upon the face of the obligation containing the authority to enter judgment it appears that the statute was a bar to the debt when the judgment was entered, it follows that the defendant has had no opportunity to present a perfectly lawful and proper defence. Generally the practice is to prescribe the terms upon which judgments are opened at the time the order is made, and when that is done those terms control the subsequent pleadings and the trial. Ordinarily the defence is confined to the matters set out in the affidavit. But if no terms are imposed and the judgment is opened generally and without restriction, the burden of proof is upon the plaintiff as in other cases: 1 Troub & Haley's Pract., § 809. In such cases the plaintiff must on the trial prove his right of action just as if no judgment had been entered. Thus in Dennison v. Leech, 9 Barr, 164, which was a judgment by default and not by confession, the judgment was opened generally and the defendant was allowed to defend on a technical ground not covered by

[Sossong *v.* Rosar.]

his pleas. ROGERS, J., said: "The judgment was opened generally and the defendants let into a defence without restriction. Under such an order the judgment remains as a security for whatever may be found due; but in all other respects the trial must be had as if no judgment had been entered. The court may open the judgment on terms, and perhaps they ought to have done so; but having thought proper to adopt a different course by opening a judgment without conditions, the consequence is, the burden of proof on the pleadings is on the plaintiffs and not the defendants."·

In West *v.* Irwin, 24 P. F. S., 258, a judgment entered by warrant of attorney was opened without terms; on the trial there was a plea of *non est factum*, the plaintiff offered the record of the judgment as *prima facie* proof of the execution of the note and we held, reversing the court below, that it was inadmissible, because the entry of the judgment did not tend to show the execution of the judgment note. We said, "The entry and the opening of the judgment left the burden and the mode of proof just as they would have been if the judgment had not been entered." In Collins *v.* Freas, 27 P. F. S., on p. 497, the present Chief Justice said: "The first assignment is to the admission in evidence of the record of the judgment previously taken in the case. The judgment had been opened generally. No conditions or restrictions had been imposed on the defendant therein. The pleas subsequently entered struck at the root of the award on which the action was founded and denied the existence of any indebtedness; the trial was then to be had as if no judgment had been entered. The same burden of proof was imposed on the plaintiff. It gave to the defendant the same defences that were opened to him at the commencement of the suit."

These decisions and the reasonings upon which they are based establish that where a judgment entered upon a warrant of attorney, or even upon a default, is opened generally and without terms, the plaintiff is put to his proof of cause of action precisely as if no judgment had been entered. Consequently any defence which would have been available to the defendant if an action had been brought, instead of a judgment entered upon the instrument in suit, may be set up on the trial; the burden of proof is upon the plaintiff, and he must make out his case subject to the defendant's right to defeat him upon any ground that would have sufficed for that purpose if no judgment had been entered.

Judgment reversed and *venire facias de novo* awarded.