### LOUISA KIRSCHNER *vs.* JOSEPH KIRSCHNER.

Opinion filed April 11th, 1898.

**Default—Affidavit of Merits.**

> To warrant a court in setting aside a decree entered on the default of defendant on the ground of his mistake, inadvertence, or excusable neglect, an affidavit of merits must be made a part of the application.

**What Affidavit of Merits Should Contain.**

> Such affidavit, to be sufficient, if made by the party, must state that he has fully and fairly stated all the facts in the case to his attorney, and is advised by his attorney that he has a good defense on the merits.

**Affidavit by Attorney—Contents.**

> An attorney cannot make such affidavit unless some reasonable excuse be given for the failure of the party to make it; and when made by the attorney it should be based upon his own knowledge, or knowledge obtained from the records.

Appeal from District Court, Cavalier County; *Sauter,* J.

Suit by Louisa Kirschner against Joseph Kirschner for a

divorce. There was a decree for plaintiff, and from an order setting it aside she appeals.

Reversed.

*J. C. Monnet*, for appellant.

*H. B. Doughty*, for respondent.

BARTHOLOMEW, J. This is an appeal from an order setting aside a decree of divorce entered after defendant's default. The order was made pursuant to motion supported by affidavits, wherein the defendant labored to show that the decree against him was rendered through his mistake, inadvertence, or excusable neglect, under section 5298, Revised Codes. We do not overlook the fact that in his brief counsel for respondent contends that the application was also based upon fraud upon defendant; but we search the moving papers in vain for any allegation of fraud. It is true that the affidavit states that the evidence upon which the decree was based was false; but that is a risk that inheres in all testimony, and is not the legal fraud that enables a party to demand as a legal right that a decree against him be set aside. On the contrary, we must treat this application, under the papers, as an appeal to the favor of the court only. So regarding the application, it should have been denied, for the reason that it contained no sufficient affidavit of merits. The law upon that point is clearly stated by Corliss, J., in his concurring opinion in *Sargent* v. *Kindred*, 5 N. D. 8–19, 63 N. W. Rep. 151. There is an attempt to supply this requirement in the affidavit of the respondent, and also that of his attorney. In the former it is said "that he had a good and valid defense against the claims of plaintiff as he is advised by his counsel, as will more fully appear from his proposed answer hereto attached." But that statement does not answer the requirement, or constitute an affidavit of merits under the Kindred case and the unquestioned line of authorities there cited. All that is stated may be true, and yet defendant may have, in fact, no defense on the merits. He should state that he had fully and fairly stated all the facts in the case to his counsel, and that upon such statement his counsel had advised him that he had a good

defense on the merits. That is the least that is required. 1 Enc. Pl. & Prac. 360, and notes. An attorney is permitted to make an affidavit of merits only when an excuse is shown for the failure of the party to make it. But in this case no such excuse is shown, or could be shown, because in fact the party attempted to make the affidavit. Hence we ought not to consider the statement of the attorney. But, should we consider it, we would find no aid for respondent. It states "that the defendant has fully and fairly stated his case to this deponent, and, after a full investigation of the facts in the premises, advised defendant that he has a good and valid defense to said action, as will more fully appear by the answer of defendant, made a part of this motion." From the very nature of things, the attorney cannot know that his client has fully and fairly stated all the facts in the case. Nor is he permitted to make the affidavit on that basis. He must make the affidavit from his own knowledge of the facts. 1 Black. Judgm. § 347. Nor does the attorney say that the defendant has a good defense, or that he believes he has a good defense, but only that he so advised. That is clearly insufficient under the authorities cited. Nor did he even advise that the defendant had a good defense on the merits. Decrees will not ordinarily be opened to let in technical defenses. The defense must go to the merits. 1 Enc. Pl. & Prac. 363, and note. We reach the conclusion that, because there was no sufficient affidavit of merits, the court erred in setting aside the decree; and we reach this conclusion the more willingly because we think the respondent's showing of mistake, inadvertence, or excusable neglect was very weak. But, as we reverse on the other ground, we need not discuss this point.

Reversed. All concur.