(91 N. W. Rep. 962.)

---

## E. E. WHEELER *vs.* ED. CASTOR.

---

### Default Judgment—Excusable Mistake.

In this action, judgment was taken by default. The summons was served only on the defendant Castor, and the copy delivered to Castor was signed by one W. H. Smith, of Michigan, N. D., as attorney for the plaintiff. But his initials (W. H.) were so obscurely, ambiguously and illegibly written that the same could fairly be read as either B. M., B. M. A., or W. H. The defendant and his attorney, acting in good faith, construed the signature to be that of B. M. Smith, and defendant's attorney, in due course, made diligent efforts to serve notice of appearance and obtain a copy of the complaint from B. M. Smith, of Michigan, N. D.; but no copy of the complaint was obtained, and B. M. Smith was not found. The judgment was entered January 28, 1901, in Nelson county, and later a transcript was docketed in Towner county, and defendant first learned of the existence of the judgment from the record thereof in Towner county. On July 10, 1901, defendant served notice of a motion to vacate the judgment and, after hearing counsel, the district court, by its order, vacated the judgment, and, in effect, granted a new trial. The plaintiff appeals from said order. The motion papers embraced the record of the judgment, and, in addition to showing diligence and excusing defendant's failure to appear in the action, contained a proper affidavit of merits. The affidavit also contained a statement to the effect that the defendant had a good and valid defense to the cause of action stated in the complaint, viz., that said cause of action was barred by the statute of limitations. No proposed answer was served. *Held*, for reasons stated in the opinion, that the order appealed from was properly made.

### Answer—Defense Must Go to the Merits.

*Held*, further, that, in addition to a sufficient technical affidavit of merits, the moving party (appealing to the favor) must set out a defense which goes to the merits of the action, and that strict practice requires that such showing of merits should be made by a proposed answer, verified, served and filed with the motion.

**Court May Accept Affidavit in Lieu of Answer.**

> *Held,* further, that, where a valid defense to the merits of the action is set out by affidavit, it is discretionary with the trial court to accept such affidavit in lieu of a verified answer.

**Diligence—Moving Party Must Show—Failure Fatal.**

> *Held,* further, that in this class of cases the burden is upon the moving party to show diligence in seeking relief, and a failure to do so is fatal to the application.

**Judicial Discretion.**

> *Held,* further, that where the application is made under section 5298, Rev. Codes 1899, it is addressed to the sound judicial discretion of the trial court, and in such cases the order of the court below will not be disturbed unless it clearly appears that the same involves an abuse of discretion.

**Order Directing New Trial on Merits not Disturbed.**

> *Held,* further, that such orders are seldom disturbed by a reviewing court where the court below, in granting relief, directs a trial anew on the merits.

**Statute of Limitations not Regarded with Disfavor.**

> *Held,* further, that the statute of limitations is not, under modern authority, regarded with disfavor by the courts, but is regarded as a plea of equal merit with other lawful defenses to an action.

Appeal from District Court, Nelson County; *Fisk, J.*

Action by E. E. Wheeler against Ed. Castor and others. Judgment for plaintiff. From an order setting aside the same, he appeals. Affirmed.

*W. H. Smith* and *Henry G. Middaugh (Cochrane & Corliss,* of counsel), for appellant.

*Brooke & Kehoe,* for respondents.

WALLIN, C. J. The record in this action shows that on January 28, 1901, a default judgment was entered in the court below in favor of plaintiff and against the defendant Castor; that a notice of motion, to be heard on July 31, 1901, to vacate, said judgment, was on July 10th served on plaintiff's counsel in behalf of said defendant Castor; and that subsequently the district court, after hearing counsel upon the motion, entered an order vacating and setting aside the judgment, and awarding a new trial. From said order, plaintiff has appealed to this court. Error is assigned upon the order.

The moving papers submitted to the trial court in support of the application to vacate the judgment, in addition to the notice of motion and the record in the action, consisted of the affidavit of the defendant Castor and of his attorney, James V. Brooke. The affidavit of the defendant is as follows: "Ed Castor being duly sworn, on oath deposes and says as follows: (1) I am the Ed Castor who is one of the defendants in the above-entitled action. (2) That the summons in this action was served upon me some time during the first two weeks of December, 1900. (3) That thereafter I consulted my attorney, Jas. V. Brooke, of Cando, N. D., and

within the time prescribed by law caused a notice of appearance in said action, and demand for a copy of the complaint, to be served on plaintiff's counsel. (4) That no copy of the complaint was served with said summons; that the summons served on me was signed by one B. M. Smith, attorney for the plaintiff, who gave his residence as 'Michigan, North Dakota,' and without the addition of any other words to indicate whether it was Michigan City, or some post office by the name of 'Michigan.' (5) That said demand for a copy of the complaint and notice of appearance was sent by registered mail to said B. M. Smith, at Michigan City, by defendant's attorney, on December 27, 1900, and was in due time returned by the postmaster at Michigan City, 'Unclaimed.' (6) That my attorney then wrote on January 19, 1901, to one Fred Kelley, a practicing attorney at Lakota, the county seat of Nelson county, an inquiry to ascertain if a complaint had been filed, and received an answer from said Kelley that no complaint or other paper had been filed. (7) That my case was fully and fairly stated to said Jas. V. Brooke, my attorney, who resides at Cando, Towner county, N. D.; and, after such statement, I am and was advised that I have a good and substantial defense on the merits of the action, and I verily believe the same to be true. (8) That my defense to said action is 'that the cause of action set forth in said complaint did not accrue within six years before the commencement of this action'; that said suit or action was on a note long ago barred by the statute of limitations. (9) That defendant, relying on the fact that there was no response to the demand for a copy of the complaint, or acknowledgment of the appearance of his attorney, supposed the matter was held up or dropped. (10) That he never knew such judgment had been taken against him until its accidental discovery on the judgment docket of this county. (11) That his neglect in not putting in an answer grew out of the fact that the letter demanding a copy of the complaint was returned, 'Unclaimed,' and no copy of the complaint was ever served on me or my attorney." The affidavit of James V. Brooke is as follows: "I, Jas. V. Brooke, being first duly sworn, on oath depose and say: (1) That I am an attorney at law duly qualified to practice in all the courts of the state of North Dakota, located and having my place of business in Cando, Towner county, North Dakota; (2) That on or about December 24, 1900, Ed. Castor, known to me to be one of the defendants in the above entitled action, came to my office, and showed and handed to me the summons hereto attached, marked 'Exhibit A'; that affiant read the same, and inquired if a copy of the complaint had been served therewith, and was informed by said Castor that no copy had been served; that affiant inquired fully into the merits of said action, and, in addition to other defenses, informed the defendant that he had a complete defense to said action, in the plea of the statute of limitations. (3) That said Castor then and there employed me to act as his attorney, and was informed that the first thing he must do was to serve notice of appearance, and demand a copy of

the complaint. (4) That thereupon I addressed an envelope to 'B. M. Smith,' and mailed by registered letter therein a notice of appearance and demand of a copy of the complaint. This was on December 27, 1900, as will appear from the post-office receipt therefor, hereto attached, marked 'Exhibit B.' (5) That I received no response to said letter, no copy of the complaint, or other acknowledgment, until some time about the 20th of January, 1901, when the same was returned to me, unclaimed, from the postmaster at Michigan, N. D. The original envelope and inclosure, with the post-office notation thereon, is herewith returned, marked 'Exhibit C.' (6) That on or about January 19, 1901, I, not understanding this, wrote to Fred Kelley, at Lakota, asking him if any papers had been filed, or complaint, as set out in summons, and some time after received his reply that there was no such complaint or other papers on file in the clerk's office of the clerk of the district court at Lakota, Nelson county, N. D. (7) That I then ascertained that there was an attorney at Michigan City named W. H. Smith; that I then inspected the summons again, and found the signature such as the original shows; that I verily believed at the time I mailed the notice of appearance and demand of a copy of the complaint that the signature was 'B. M. Smith.' I believe it now to be 'W. H. Smith,' but not from anything disclosed by the signature. (8) That at the time I knew of no one named Smith, an attorney at Michigan City, and I had only the signature to the summons to guide me; that I then had to guess at the post-office. (9) That at the time I ascertained that there was a W. H. Smith, an attorney at Michigan City, long over thirty days had elapsed since the service of the summons. (10) That, about the time I so ascertained, the said plaintiff, on January 28, 1901, recovered a judgment by default against this defendant in the district court of Nelson county, N. D., for $145.65, and $9.80 costs,—in all $155.45. This judgment was docketed in the office of the clerk of the court of Towner county on a transcript from Nelson county. It was from this that we discovered accidentally that such a judgment had been taken. (11) That I believe that the defendant has a complete defense to said action in the plea of the statute of limitations; the note on which said action is brought being, I am informed and believe, over thirteen years old, and never renewed by partial payment or in any other way, to stop the running of the statute. (12) That the failure to answer was caused by my having inadvertently and excusably been led into the mistake as to the signature of plaintiff's counsel; that this mistake was the reason of plaintiff's counsel's failure to receive my notice of appearance, and demand for a copy of the complaint, and consequently of his failure, I presume, to serve a copy of the complaint. (13) That this affidavit is made in good faith, and not frivolously or for mere delay; that I used all diligence to secure a copy of the complaint, and, had I done so, would assuredly have filed an answer in time."

The record embraced, among other papers, the copy of the sum-

mons served upon Castor. This was in proper form, except as to the signature of the plaintiff's attorney. Subjoined to the signature was the following language: "Attorney for plaintiff. Residence and postoffice address, Michigan, North Dakota." The surname of plaintiff's attorney, Smith, was legibly written next above the language we have quoted. The defect in the signature consists in the illegible manner in which the initials of the attorney are written. The initials appear to have been written without raising the pen from the paper, and the letters are so combined and blended together that it is difficult, if not impossible, to say what the initials are; and this difficulty was enhanced by the fact that the defendant, when the summons was served, had no acquaintance with an attorney named W. H. Smith, who resided at Michigan, N. D. Nor did Castor's attorney know any such attorney. It appears that James V. Brooke, the attorney retained by the defendant, and to whom the copy of the summons was delivered, while acting in good faith, construed the signature to be that of B. M. Smith, and acting upon that construction, proceeded to serve notice of his retainer, and to demand a copy of the complaint, in the mode and manner fully detailed in the affidavits above set out. The copy of the summons is before this court, and the same has been examined by all members of the court, and we have reached the conclusion that the signature of the plaintiff's attorney as affixed to the copy of the summons is so ambiguous and obscurely written that it may fairly be construed to read either "B. M. Smith," "W. H. Smith," or "B. M. A. Smith." Hence we are of the opinion that the attorney for the defendant, who attempted to serve notice of his retainer upon the plaintiff's attorney in the manner set forth in said affidavits, was acting in good faith and with reasonable diligence in his endeavors in that direction. We shall therefore, upon this record, rule, without recapitulating the facts embodied in the affidavits, that the moving papers submitted to the trial court fully excused the defendant's default in not answering the complaint; and we are further of the opinion that counsel for the plaintiff, by his negligence, became, and that he was, wholly responsible for the defendant's default, and, further, that the judgment entered by default was irregularly entered, by reason of the negligence of the plaintiff's attorney in his attempt to sign his name to the copy of the summons served on the defendant. We find, under these circumstances, that the default judgment was, by the fault and negligence of the plaintiff's attorney, irregularly entered, and also that the defendant has excused his failure to appear in the action in time to prevent the entry of a default judgment.

This leads up to a consideration of another and more difficult question. It is this: Did the defendant, by his moving papers, place himself in a position before the trial court which, under the statute and the established practice, entitled the defendant to the relief which he sought? We observe first that the mere fact that the judgment was irregularly entered was not, standing alone, enough

to justify the court in vacating the same. The judgment was entered without fraud and by a court of competent jurisdiction, and hence there would be no propriety or justice in vacating the same unless a satisfactory showing was made by the defendant that he was prejudiced in his substantial rights by the entry of the judgment. Upon this point there is abundance of authority. In *Kirschner* v. *Kirschner,* 7 N. D. 291, 293, 75 N. W. Rep. 252, this court said: "Decrees will not ordinarily be opened to let in technical defenses. The defense must go to the merits." In the case at bar the defendant attempted to comply with this well-established rule. In the affidavits submitted, defendant set out an affidavit of merits, and also set out the defense which he claims to have as against the cause of action stated in the complaint. The form of the affidavit of merits is not criticised by the appellant's counsel, and we shall rule that while it is, perhaps, not technically in the best form, it is sufficient in substance. The defense upon the merits is set out in the defendant's affidavit as follows: "That my defense to said action is that the cause of action set forth in said complaint did not accrue within six years before the commencement of this action; that said suit or action was long ago barred by the statute of limitations." It is not contended by counsel that the above quotation from the defendant's affidavit does not embody a defense which, if properly and seasonably pleaded by an answer, and proved at the trial, would defeat the plaintiff's recovery, but this defense is attacked upon the twofold ground that the same was not set out by a proposed answer, duly verified; and, secondly, that the defense—the statute of limitations—is not a meritorious defense, and hence does not comply with the rule which requires the moving party to show merits as a prerequisite of relief.

Neither of the questions presented by this contention of counsel has been directly passed upon in this jurisdiction, and the same are therefore important, as bearing upon the question of the proper procedure in this class of cases. True, this court said in a case similar to this, in which the moving party served both an affidavit of merits and an answer setting out a defense, that the moving party had "pursued correct practice." See *Manufacturing Co.* v. *Holz,* 10 N. D. 16, 25, 84 N. W. Rep. 581. We are still of the opinion that in strict practice a proposed verified answer should be served and submitted by the moving party, but the crucial question in this case is whether a defense to the merits, when embodied in an affidavit, merely, and not in a proposed answer, will be a substantial compliance with the rule requiring a defense on the merits to be shown. The authorities are in conflict upon this question, and the point has never been passed upon by this court. In *Gauthier* v. *Rusicka,* 3 N. D. 1, 53 N. W. Rep. 80, it was held error to vacate a judgment under section 4934, Comp. Laws, without an affidavit of merits, the answer being unverified. In *Sargent* v. *Kindred,* 5 N. D. 8, 63 N. W. Rep. 151, there was a verified answer, but no affidavit of merits. In that case the trial court was reversed, only two judges sitting in the case.

Both judges wrote opinions in which they reached the common conclusion that the order vacating the judgment should be reversed. Judge Bartholomew based his conclusion upon independent ground, not connected with any question either of an answer or an affidavit of merits. Judge Corliss did not agree with the views of Judge Bartholomew as to the grounds of his conclusions, and, in a valuable concurring opinion, placed his concurrence in the reversal upon the fact that the moving party had omitted to submit an affidavit of merits as well as a verified answer. But the question presented here was not involved in that case, inasmuch as no answer was submitted in this case; and in this case there is an affidavit of merits, and no such affidavit was presented in the case last cited. In *Kirschner* v. *Kirschner,* 7 N. D. 291, 75 N. W. Rep. 252, the vacating order was reversed because no sufficient affidavit of merits was presented to the trial court. This review of the cases decided by this court shows that none of them are squarely in point here, because all widely differed in their facts from the case at bar; and hence we are neither aided nor hampered in deciding this case by precedents of our own creation, and are at liberty, therefore, to decide the case in harmony with our own views of right and sound practice. Nor do we think a presentation of the conflicting views of other courts would serve any useful purpose in this opinion. We shall rule in this case with a view to settling the practice in this state in motions to vacate default judgments under section 5298 of the Revised Codes of 1899, as follows: First, a sufficient affidavit of merits is indispensable in all cases; second, it is the proper practice to serve and submit a proposed verified answer with the moving papers, setting up a defense which is valid on its face; third, where a verified answer is not submitted, the trial court may, at its discretion, accept in lieu of such answer an affidavit setting out a valid defense to plaintiff's cause of action. Such an affidavit, in our opinion, would serve the purpose of an answer, and constitute a substantial compliance with the strict rule which requires the submission of a proposed verified answer, embracing a defense.

This leads up to the question whether the defense to plaintiff's cause of action, viz., the statute of limitations, which is set out in the affidavits submitted upon the motion, is a valid defense in a case such as this, where the application is addressed to the favor of the trial court, and does not, therefore, rest upon any inflexible rule of law, or strict legal right. In motions of this character the trial court exercises the powers of a court of equity, and hence will be governed in passing upon such motions by the principles which obtain in courts of equity. It is for this reason that the equitable rule is established in this class of motions that a default judgment, though irregular, will not be set aside to admit a defense which is essentially unjust, repugnant to fair dealing, oppressive, or purely technical.

See *Gauthier* v. *Rusicka* and *Kirschner* v. *Kirschner, supra;* also individual views of Judge Corliss in *Sargent* v. *Kindred.* In the case at bar the only defense set out to plaintiff's cause of action is the statute of limitations. It is undeniable, in the light of authority, that the earlier rule, established by the adjudications of the courts of England, as well as those of this country, was that the statute of limitations is not a meritorious plea. In *Golden* v. *Hallagan*, 1 Wend. 302, this language was used: "That part of the motion which asks for leave to add a notice of set-off is granted, but the application to add the plea of the statute of limitations is denied, with costs. Such a plea is never allowed to be added after the issue is joined." In *Sheets* v. *Baldwin's Adm'rs*, 12 Ohio 120, the court say: "A default usually will not be set aside to permit a plea of the statute of limitations." See, also, *Morris* v. *Slatery*, 6 Abb. Prac. 74, and *Reed* v. *Cowley*, 20 Fed. Cas. 433 (No. 11,644). The rule of these cases was sustained by an array of authority, but such rule, in our opinion, is not the modern rule. The more recent, and, we think, the better, cases, have abrogated the rule. The modern judicial view is that the statute of limitations is one of repose, and that as a defense the statute is now classed as meritorious, and as much so as other valid defenses. In *Campbell* v. *City of Haverhill*, 155 U. S. 610, 15 Sup. Ct. 217, 39 L. Ed. 280, the court say: "Whatever prejudice there may have been in ancient times against statutes of limitations, it is a cardinal principle of modern law and of this court that they are to be treated as statutes of repose, and are not to be construed so as to defeat their obvious intent to secure the prompt enforcement of claims during the lives of witnesses, and when their recollection may be presumed to be still unimpaired. As was said of the statute of limitations by Mr. Justice Story (*Bell* v. *Morrison*, 26. U. S. 351, 360, 7 L. Ed. 174), 'It is a wise and beneficent law, not designed merely to raise a presumption of payment of a just debt, from lapse of time, but to afford security from stale demands after the true state of the transaction may have been forgotten, or be incapable of explanation, by reason of the death or removal of the witnesses.' " In a recent South Dakota case (*Garvie* v. *Greene*, 70 N. W. Rep. 847) the following language is used: "The statute of limitations being a promoter of peace, tranquility, and diligence, suggested by and reposing upon the soundest principles of an enlightened public policy, the decisions are, we think, just, and of latest utterance, which hold that a litigant relieved from default should be restored to his former right to plead and rely upon all the defenses he may have, legal and equitable, or both, and that he may thus be relieved for the sole purpose of interposing the statute of limitations. The modern doctrine seems to be that where a judgment entered by default is opened, or leave is granted to answer, after the expiration of the time limited by statute, plaintiff's case is subjected to all the defenses that would have been available had no default ever existed. *Mitchell* v. *Campbell* (Or.) 13 Pac. 190; *Sossong* v. *Rosar*, 112

Pa. 197, 3 Atl. 768." See, also, *Steel Co.* v. *Budzisz* (Wis.) 82 N. W. Rep. 534, 48 L. R. A. 830, 80 Am. St. Rep. 54; Freem. Judgm. § 542; 19 Am. & Eng. Enc. Law (2d Ed.) p. 151; *Benedict* v. *Arnoux*, 85 Hun. 283, 32 N. Y. Supp. 905. Under these authorities, we are constrained to hold that the statute of limitations can no longer be regarded with disfavor by the courts, and that as a defense it stands on a par with other legal and meritorious defenses.

Only a single feature of this case remains for consideration. Appellant's counsel claim that the defendant, in his moving papers, has failed to show diligence in moving to set aside the judgment after he discovered that it had been entered. The judgment was entered in Nelson county on January 28, 1901, and the notice of motion was served by defendant on July 10th of the same year. It appears that after the entry of judgment in Nelson county a transcript thereof was docketed in the county of Towner, and, further, that the existence of the judgment was "accidentally," and for the first time, discovered by the defendant from the record in Towner county. But the proof fails to disclose the date of such discovery. There is therefore nothing in the proof submitted showing affirmatively that defendant was to any extent negligent after he knew of the existence of the judgment. Nevertheless it is well settled, in cases of this kind, that the moving party has the burden of showing diligence, and unless it is shown affirmatively the court will not ordinarily exercise its discretion in his favor. See *Land Co.* v. *Dayton* (Minn.) 40 N. W. 66; *Gerish* v. *Johnson*, 5 Minn. 10 (Gil. 10). The rule which meets our approval is succinctly stated in 6 Enc. Pl. & Prac. p. 189, as follows: "It is not sufficient for the appellant to show a case within the statute of relief, and a good defense on the merits. He must also show proper diligence in prosecuting his remedy." And see authorities cited in note 2, Id. In this case diligence before ascertaining the existence of the judgment sufficiently appears, but the showing of diligence after such discovery is meager, and the same is not entirely satisfactory to this court. But a necessary inference from the proof submitted is that some uncertain interval of time elapsed after the entry of the judgment in Nelson county, and before a transcript was docketed in Towner county; and we think the inference may also fairly and reasonably be drawn from the proof that the discovery of the judgment was not made immediately after the filing of the transcript, but was made after the lapse of an interval of time of greater or less duration after the same was filed. We think, too, that it is a necessary inference from the proof that a reasonable period of time was requisite after the discovery of the judgment in Towner county in which to explore the judgment record in Nelson county. This was necessary in order to find the data upon which the motion to vacate was predicated, and, after such data was obtained, we are bound to infer that a further reasonable period must elapse, in which the advice of counsel could be sought and obtained. To this must be added

a reasonable time for counsel to prepare and serve the papers after deciding upon a proper course to pursue in the case. Upon such a showing, we do not feel at liberty to rule that the trial court, in granting the relief, was clearly guilty in this case of an abuse of the discretion conferred upon that court by the statute which governs the case. The effect of the order appealed from is to afford the parties a trial de novo upon the merits, and in such cases a court of review is generally reluctant to disturb an order made within the domain of judicial discretion. See *Pengilly* v. *Machine Co.* (N. D.) 91 N. W. Rep. 63. Such orders are not, as a rule, disturbed by a reviewing court unless an abuse of discretion clearly appears. See 15 Enc. Pl. & Prac. 281, 282.

The order appealed from will be affirmed. All the judges concurring.