SANDERS and DAVIS, Admr's, *vs.* WILLIAM ROBERTSON.

It is well settled that an executor or administrator may avail himself, under the general issue, of a defence predicated upon the statute of limitations.

Though an administrator may have allowed judgment to go against him by default, yet if such judgment be set aside, he will be allowed to plead the statute of limitations, and such plea being a complete bar to the action, is now uniformly considered a meritorious defence.

An express promise by an administrator to pay a debt barred by the statute of limitations, will not revive it against the estate of his testator or intestate.

IN error from the circuit court of Madison county; Hon. Robert C. Perry, judge.

The case is sufficiently stated in the opinion of the court.

*D. Shelton,* for plaintiff in error.

The statute of this state expressly permits an executor or administrator to make any special defence under the general issue, and provides that he shall not be required to plead any other plea. Hutch. Code, 669, sec. 105.

It has been decided, that under that statute an executor or administrator may, under the general issue, prove payment or other matter of special defence, without pleading it specially. 12 S. & M. 111; 6 How. 349.

It has been decided, that under the general issue an executor or administrator may defend by the statute of limitations. 1 How. Rep. 115.

It is insisted that, inasmuch as the plea of non assumpsit was pleaded at a term previous to the trial term, under special leave of the court to plead to the merits, the executor was not authorized under that plea to rely on the statute of limitations.

33*

Sanders et al. *v*. Robertson.

There are two answers to this position.   First, the application for leave to plead was made at the return term of the court, and the defendant had the right to plead at that term without an affidavit of merits, and it would have been error for the court to have refused the leave.   The defendant was entitled to the whole term to plead in, and the court had no right to impose terms upon him.   Hutch. Code, 853, 854.

Second.  The statute of limitations is a defence to the merits, and therefore came within the terms imposed by the court. *Peyton* v. *Miller*, 11 S. & M. 152; 1 Peter's Rep. 360; 5 Ib 407; Angell on Lim. 26 – 30.

*T. C. Tupper*, for defendant in error.

The defence sought to be set up was merely the statute of limitations.

That this defence may be waived by a party will not be denied, and this waiver may be evidenced by the acts of the party, as well as by express language.

The defendants did waive their right to this defence.

First. They made default, and a judgment was rendered against them.   This is in itself a waiver of all defences, except that of payment, or such as went to the original consideration of the note.

Second.  The defendants neither pleaded the statute, nor gave notice that they would insist on that defence.   This was also a waiver.   *Jackson* v. *Varrick*, 2 Wend. 294; Angell on Lim. 313.

Mr. Chief Justice SMITH delivered the opinion of the court.

The plaintiffs in error were sued as administrators, upon a promissory note, made by Absalom Leggett, their intestate. At the return term, judgment by default was entered against them ; but which, at the same time, upon motion and affidavit, was set aside, and leave granted to plead to the merits of the action.   The defendants then filed the general issue.   At the following term, the cause coming on to be tried, the defendants relied upon the statute of limitations in relation to actions on promissory notes, and also upon the statute in regard

Sanders et al. *v.* Robertson.

to the presentation of claims against the estates of deceased persons. The evidence offered in support of this defence was ruled out by the court. The bill of exception filed to this order of the court, presents the only question in the case.

It is well settled that an executor or administrator may avail himself, under the general issue, of a defence predicated upon the statute of limitations. And in this case there was no objection to the relevancy and competency of the evidence offered to establish the statute bar. But it is contended that the defendants, by suffering a judgment to go against them by default, waived their right to insist upon the defence of the statute. And having been allowed to plead upon terms, they were restricted to a defence to the merits of the action.

An express promise by an executor or administrator, to pay a debt barred by the statute, will not have the effect to revive it against the estate of his testator or intestate. *Henderson* v. *Ilsley*, 11 S. & M. 9. The judgment by default, entered against the parties in this case, and which was set aside upon their motion, cannot be regarded as stronger evidence of a waiver of the statute than an express promise to pay the debt. Hence, if it were conceded that an administrator has a right at his discretion, to plead or not to plead the statute, the court erred in rejecting the evidence.

The judgment by default was rendered and set aside at the return term of the writ. The plaintiff therefore was not delayed in the prosecution of his suit. He had been put to no inconvenience, nor had he suffered any injury; but conceding that, under the circumstances, the court had the right, upon setting aside the judgment, to require the defendants to plead to the merits of the cause, the condition was complied with. The defence set up was a bar to the action, and is now uniformly regarded as meritorious. 11 S. & M. 20; Ib. 152; 1 Peters, R. 369; 5 Ib. 407.

Let the judgment be reversed, and cause remanded.