## SUPREME COURT.

### REUBEN W. HAWES agt. ANTHONY C. HOYT.

Although it is said that the Code is a nursing mother, and amends or overlooks formal irregularities, it does so only "in furtherance of justice."

A defendant who has not *pleaded* in time, ought not to be allowed to say to the plaintiff, you have not *sued* me in time. In other words, to be allowed as matter of grace to *his laches*, to interpose the *statute of limitations* to the plaintiff's demand, embraced in a regular judgment, by default.

*New-York Special Term*, *Dec.*, 1853.

MOTION by defendant to set aside judgment and subsequent proceedings, and for permission to defend, &c.

—— ———— *for motion.*
—— ———— *opposed.*

ROOSEVELT, Justice. It appears to me very clear, that the debt on which this action was brought is justly due. It arose out of a sale of goods made directly by the plaintiff to the defendant, and promissory notes given thereon directly by the defendant to the plaintiff. Copies of the notes are set forth in the complaint; and although the defendant swears "he has no *knowledge* of the making of said notes," it is obvious that his ignorance, if it be genuine, is quite voluntary, and that he has no particular desire to be enlightened. His belief, although in such a case admissible, and even necessary, he is careful to withhold. The conclusion is irresistible, that the notes are

genuine—and there is no suggestion that they have ever been paid.

The defendant, however, insists further, that, if due, they are barred by lapse of time; and he has put in, he says, an answer to that effect, against which two objections are raised.  First, it came too late.  The attorney, it is true, swears he mailed it in season; but the post-mark and the post-master show, I think, that he is mistaken.  Secondly, the answer is entitled in another cause.  Robert and Reuben are totally different names. It is not a case of the same sounds differently spelt—such as Robert with two b's or two t's but Robert, a well-known name, instead of Reuben, a name equally well known, but altogether different.

The Code, it is said, is a nursing mother, and amends or overlooks such formal irregularities.

It does so, but only " in furtherance of justice."  Would justice be furthered by allowing a plea of the statute of limitations in such a case, by permitting a party, who has not *pleaded* in time, to say to his adversary, you have not *sued me* in time? Can the defendant, as matter of grace, ask indulgence to *his* laches, merely to enable him to deny the like indulgence to the laches of his adversary?  The courts, in such cases, have properly enforced a sort of set-off, neutralizing the default of the one by the default of the other, and refusing to waive the negligence of the defendant, unless on his part he would stipulate to waive that of the plaintiff.

Being satisfied, therefore, of the undoubted justice of the plaintiff's debt, and of the regularity of the judgment entered upon it, I must deny the defendant's motion to vacate the proceeding; with liberty, however, to take a reference, should he be so advised, at his own expense, to inquire into the genuineness of the notes, and whether any payments have been made upon them; and, on the coming in of the report of the referee, to make such motion as he may deem proper.