A. J. BABER *v.* ANNA McLELLAN, AND ANNA E IRWIN, INTERVENOR.

SHERIFF'S CERTIFICATE OF SALE.—The purchaser of real property at a Sheriff's sale who receives the sheriff's certificate of purchase, has not a title to the property, but a lien on the same.

PAYMENT TO PURCHASER AT SHERIFF'S SALE OF AMOUNT OF PURCHASE AND INTEREST.—The effect of a Sheriff's certificate of sale of land is spent when the

defendant in the judgment pays the holder of the certificate the amount of the purchase and interest.

ASSIGNMENT OF A SHERIFF'S CERTIFICATE OF SALE AS SECURITY.—One who receives an assignment of a Sheriff's certificate of sale of land as security against his liability for debts of the judgment debtor, with an agreement that he will cancel the same when the debts are paid and his liability is discharged, ceases to have any interest in the certificate when the debts are paid, and if he afterwards obtains a Sheriff's deed, neither he nor his assignee with notice acquire any title to the land.

APPEAL from the District Court, Eleventh Judicial District, El Dorado County.

Ejectment against defendant, Anna McLellan, who was the tenant of Anna E. Irwin, the intervenor. The agreement that Weston should hold the certificate of sale as security was not in writing. Defendant and intervenor had judgment in the Court below, and plaintiff appealed.

The other facts are stated in the opinion of the Court.

*Pixley & Smith*, for Appellant, argued that Weston, by the Sheriff's deed, acquired the legal title, and that the testimony touching the agreement between Weston, Fountain, and Conway, was irrelevant, and that the agreement was void, as being within the Statute of Frauds, and that the intervenor acquired nothing by her purchase but the possession of Fountain.

*George G. Blanchard*, for Respondent, argued that Fountain had both the legal and equitable title when the intervenor purchased, as he had paid the sum for which Weston held the certificate as security, and that Weston acquired no interest in the property by the Sheriff's deed.

By the Court, SHAFTER, J. :

On the 30th of June, 1858, one Conway recovered judgment in foreclosure against Fountain for the sum of one thousand three hundred and eleven dollars and ten cents and costs. The sale of the real estate covered by the mortgage and decree took place on the 24th of July, 1858, and Conway became

purchaser at four hundred and fifty dollars, and received a Sheriff's certificate. On the 15th of November, 1858, while Fountain's right to redeem was yet on foot, he and Conway and one Weston entered into a parol agreement to the effect that if Weston would give to Conway his several promissory note for one thousand dollars, and the joint note of Fountain and himself for two hundred dollars, both payable at a future day, Conway would assign the certificate of sale to Weston and the judgment also ; and Weston agreed that he would hold the certificate and judgment, when so assigned, as security for the payment of both notes by Fountain ; and that in the event Fountain should pay them, he, Weston, would cancel the certificate and discharge the judgment. Thereupon Conway assigned the certificate and judgment to Weston, who executed to Conway his note for one thousand dollars and a note for two hundred dollars—signed by Fountain and himself—all as contemplated in the agreement. It is further found that the notes were paid by Weston on the 5th of July, 1859, Fountain furnishing the money. On the 11th of January, 1860, Weston, however, applied for and received a Sheriff's deed, and on the 18th of March, 1863, Fountain, who had never parted with the possession, sold and conveyed the property and delivered the possession thereof to the intervenor. On the 18th of July, 1864, Weston conveyed to the plaintiff, who took, with notice of all the facts.

The certificate was not a title, but a lien, and the lien would, on general principles, be satisfied by payment of the sum for which it stood as security. (*People* v. *Mayhew*, 26 Cal. 660.) If the contract between Conway, Weston and Fountain had never been made, and Fountain had paid to Conway not only the amount of his bid and interest, but the balance due on the judgment, also, before the latter had taken a deed from the Sheriff, the effect of the sale would have been spent ; and if Conway had thereafter applied for and received such deed, it would have been a fraud on the rights of Fountain. As assignee of the certificate, Weston held it as security

18

against his liability on the notes, and not otherwise, and when the notes were paid by Fountain, Weston's interest in the certificate ended by legal conclusion.   We regard the express agreement that it should. end on the happening of the contingency named in the contract only as a stipulation for a legal consequence.   On this view of the case the Statute of Frauds has no bearing upon the question really presented. The contract has ceased to be executory.

Under decisions entirely familiar to the profession, we cannot open the case on the evidence.

Judgment affirmed.

Mr. Justice SANDERSON expressed no opinion.