## GILLETT v. HILL *et al.*

1. Statute of limitations: PLEADING. Where, in an action to foreclose a mortgage given to secure a promissory note executed in another State, the defendant in pleading the statute of limitatons (Rev., § 2746, as amended by chapter 167, section 10, Laws of 1870), in his answer averred that by the laws of the State of New York, where he previously resided, a right of action on the note became barred; but no averment was made that by the laws of such State an action to foreclose the mortgage was barred, it was *held*, that the answer was demurrable, as not stating facts constituting a sufficient defense. The right to rely on the defense pleaded must be affirmatively shown by the answer.

2. —— NON-RESIDENCE OF DEFENDANT. The time during which a defendant is a non-resident of the State is not included in computing our statutory periods of limitation.

*Appeal from Tama District Court.*

FRIDAY, JULY 28.

THIS action was commenced on the 3d day of March, 1870, to foreclose a mortgage upon the south-east quarter and the east half of the north-east quarter of section 19,

township 85, range 13 west, in Tama county, Iowa. The mortgage was made January 30, 1857, by the defendant, George R. Hill, to one Henry W. Collins, to secure the payment of three notes of the same date, made by said Hill to Collins or order, of $360 each, payable in one, two and three years, respectively, with eight per cent interest, payable annually. The notes were dated at Janesville, Wisconsin; and the mortgage, which provided that, in case of non-payment of either principal, interest, or taxes at the time the same became due, then the whole of the principal sum should, at the mortgagee's option, become due, was acknowledged at Chicago, Illinois, and was duly recorded. The notes and mortgage were assigned to plaintiff. The property had been conveyed by the mortgagor to Jonathan Hill, and by him to W. H. Stivers, who were made defendants, and a foreclosure asked.

The defendants, George R. Hill and Jonathan Hill, answering, aver that from the date of the notes up to 1866, and for the last ten years also, the plaintiff and defendants have publicly resided in New York, by the statutes of which State an action on the notes was barred after six years; and they plead and rely upon the statute of limitations. The defendant, W. H. Stivers, answers, *first*, that he is the fee simple owner of the property by purchase from Jonathan Hill on the 6th day of February, 1870; that the plaintiff and his co-defendants, George R. and Jonathan Hill, have publicly resided in New York ever since the giving of the notes, and still reside there; that by the statutes of that State, during said time, the action was barred after six years; he relies upon said bar; *second*, that before this action was commenced, and on February 6, 1870, he purchased the property in controversy, and has publicly resided in Iowa for the last twenty years; and he pleads and relies upon the Iowa statute.

These answers were severally demurred to, because they

did not state facts constituting a defense. The demurrers were sustained, and the defendants appeal.

*Stivers & Safely* for the appellants.

*C. B. Bradshaw* for the appellee.

Cole, J. — I. Our statute provides (Rev., § 2746): "But when a cause of action has been fully barred by the **1. Statute of** laws of any country where the defendant has **Limitations:** **pleading.** previously resided, such bar shall be the same defense here as though it had arisen under the provisions of this chapter." "But this section shall not apply to causes of action arising within this State," is added by amendment. Laws of 1870, ch. 167, § 10.

So far as is shown by the answers, a right of action upon the mortgage for its foreclosure still exists in the State of New York. It does not, therefore, appear from the answers that the cause of action was *fully* barred, since the plaintiff's cause of action extends, not only to a recovery upon the notes, but to a foreclosure of the mortgage also. It is argued, however, by appellant's counsel, that the mortgage is only collateral to secure the payment of the notes, and where the right of action upon the notes, the principal thing, is barred, the remedy upon the mortgage, the collateral or incident to the debt, must be barred also; and they cite *Newman* v. *De Lorimer*, 19 Iowa, 244, to prove this doctrine. But, suppose it be granted, for the purpose of the argument, that such is the rule of law under the Iowa statutes, there is no averment or showing by the answers that such is the law of the State of New York; and it is by the laws of the State of New York that the sufficiency of the answer, as averring facts constituting a bar by the statute of limitation, is to be determined. In the absence of such averment in respect to the laws of New York, the answers are insufficient, for we

cannot presume, for the purpose of creating a substantive defense, that such is the law of New York. And if we turn our attention to the study of the law there in that regard, we seem to find that "the statute limiting the time for commencing actions for the recovery of a simple contract debt is no bar to an action to foreclose the mortgage given to secure such debt. *Borst* v. *Corey*, 15 N. Y. 505, and authorities cited on page 510. See, also, *Heyer* v. *Pruyn*, 7 Paige's Ch. 465. Besides this, the courts of New York could not have jurisdiction to foreclose this mortgage. We conclude, therefore, that the answers do not aver facts sufficient to constitute a bar under the statutes of New York.

II. The non-residence of defendants operates, under our statutes, section 2745, to defeat the bar of limitations here.

2. —— non-residence of defendant. *Petchell* v. *Hopkins*, 19 Iowa, 531; and, since the other defendants cannot rely upon the bar of our statute, it is quite clear that the defendant, W. H. Stivers, as against whom the cause of action did not accrue till his purchase in February, 1870, a month only before suit was brought, cannot rely upon, or be protected by, it.

Affirmed.