ELIAS C. BENEDICT and Others, as Executors, etc., of EDWIN BOOTH, Deceased, Respondents, *v.* GEORGE T. ARNOUX and Others, Defendants; JOSEPH CAMPBELL and Others, as Executors, etc., of WILLIAM CAMPBELL, Deceased, Appellants.

*Opening a defendant's default — merits of the proposed defense not considered.*

Where it appears that the default of a defendant, in failing to answer in an action, occurred through mistake, if there be no *laches* the defendant will be permitted upon such terms as are just to serve an answer; under such circumstances, upon a motion to open the default and permit the service of an answer, it is not proper to pass upon the validity of any defense proposed to be interposed unless it is clearly frivolous.

All defenses which are defenses are entitled to the same consideration by the court.

APPEAL by the defendants, Joseph Campbell and others, as executors, etc., of William Campbell, deceased, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 23d day of April, 1894, denying said defendants' motion to open the default in the service of the answer of said defendants and for leave to serve an answer in the action.

*W. W. Niles*, for the appellants.

*C. N. Bovee, Jr.*, for the respondents.

PER CURIAM:

Without passing upon the question as to the validity of any defense set up in the answer proposed to be served, we think that it is apparent that the default occurred through mistake, and that by reason of such mistake the appellants should not be deprived of the opportunity of raising the question in a manner in which it can be reviewed, as to whether the answer sets up a defense or not. Where it is apparent that the default has been suffered through mistake, and there is no *laches*, it does not seem to be proper to pass upon the validity of any defense proposed to be interposed, unless it is clearly frivolous.

It is claimed, however, upon the part of the plaintiffs, that the proposed defense is an unconscionable one, whatever that may mean. The Court of Appeals has held that all defenses which are defenses are entitled to the same consideration by the court, and that a defense is a defense whatever may be our private feelings in respect to it.

We think, therefore, that the defendants should have been allowed to put in their answer upon payment of the costs of the motion and all costs which have been incurred in the action.

The order should be reversed, with ten dollars costs and disbursements, and the defendants allowed to answer upon paying the costs of the motion and the costs which had accrued in the action at the time of the making of the motion.

Present — VAN BRUNT, P. J., and FOLLETT, J.

So ordered.