[Sac. No. 438. Department One.—July 27, 1898.]

121 539
s121 543

## SAN JOSE SAFE DEPOSIT BANK OF SAVINGS, Appellant, v. BANK OF MADERA et al., Respondents.

Mortgage—Hypothecation of Rights of Redemptioner—Sheriff's Deed.
An assignment of a certificate of redemption and of all of the rights of the redemptioner, to secure a loan made by the assignee to the redemptioner, with which to make redemption by virtue of a second mortgage from a sale under foreclosure of a prior mortgage, is but a hypothecation of the interest of the redemptioner in the land to the lender; and if the sheriff's deed should be procured under the assigned certificate, it will be held by the lender as mortgagee, and not as owner.

Id.—Deeds from Mortgagor and Redemptioner.—Deeds executed by the mortgagor and by the redemptioner, subsequently to the redemption and hypothecation of the certificate of redemption, conveyed the legal title to the grantee, subject to such rights as may inure to the assignee of such certificate as equitable mortgagee.

ID.—ACTION TO COMPEL SHERIFF'S DEED, AND TO QUIET TITLE—DEFENSE—
OFFER TO REPAY LOANS.—In an action by such assignee of the certificate
of redemption to compel a sheriff's deed, and to quiet title to the
land sold as against the successor in interest of the mortgagor and
of the redemptioner, such successor in interest need not offer to
repay the loan made by plaintiff to the redemptioner with which to
redeem, as a condition of the right to defend against the plaintiff's
claim to the ownership of the land.

ID.—TITLE—FINDINGS AGAINST EVIDENCE—NEW TRIAL.—Where the court,
in such action, improperly found against the evidence in favor of
the title of the plaintiff, and that the defendant, the successor in
interest of the mortgagor and redemptioner, had no title, a new
trial was properly granted.

APPEAL from an order of the Superior Court of Madera
County granting a new trial.   W. M. Conley, Judge.

The action was brought to compel the execution of a sheriff's
deed to plaintiff as the assignee of a certificate of redemption
by a redemptioner from a sale under foreclosure of a mortgage,
and to quiet the plaintiff's title to the property redeemed.   Fur-
ther facts are stated in the opinion.

Francis E. Spencer, and Jackson Hatch, for Appellant.

R. L. Hargrove, W. T. Searles, B. W. Child, and Sawyer &
Burnett, for Respondents.

BRITT, C.—In this action, after trial, the court below ren-
dered judgment whereby defendant Westfall, as sheriff of the
county of Madera, was required to execute to plaintiff a deed of
certain land which had been sold by his predecessor in office in
the course of judicial proceedings to foreclose a mortgage there-
on, and whereby also, among other directions in plaintiff's favor,
the Bank of Madera and other defendants were enjoined from
asserting any title or interest in said land.   Afterward the court
granted a new trial and the plaintiff took this appeal.   Among
the facts in evidence, or admitted by the pleadings, it appeared
that on March 4, 1893, defendant Charles Dworack owned said
land and on that day mortgaged the same to one Roberts as se-
curity for a debt of three thousand dollars, and interest thereon,
he owed to said Roberts.   On January 10, 1894, said Charles
Dworack made a second mortgage of the premises to his mother,

the defendant, Mary Dworack, purporting to secure payment to her of the sum of eight thousand five hundred dollars, with interest, on or before January 10, 1896. August 4, 1894, said Charles made a deed in terms conveying said land to said Mary and caused the same to be duly recorded; the court found that this deed was never delivered to the grantee or to any other person for her. December 12, 1894, the land was sold by the then sheriff of the county, one Thurman, pursuant to a judgment obtained by Roberts in an action prosecuted by him against Charles and Mary Dworack to foreclose his said mortgage of March 4, 1893; Roberts himself became the purchaser; this is the sale which the judgment in the present action directed said Westfall to consummate by issuing his deed to plaintiff. Previous to such sale said Bank of Madera recovered a personal judgment against Charles Dworack for the sum of fourteen hundred and ninety dollars, which was docketed and became a lien on the interest of said Charles in said land subordinate to the lien of Roberts' mortgage. On February 18, 1895, Mary Dworack, claiming to be a qualified redemptioner as holder of said mortgage of January 10, 1894, paid to Westfall, who had succeeded Thurman in the office of sheriff, the sum necessary to redeem the land from the sale to Roberts, and Roberts accepted the same as paid for that purpose.

The money thus paid was borrowed from the plaintiff in this action; the court found that "for the purpose of effecting a redemption from the foreclosure sale of December 12, 1894, the plaintiff herein loaned and advanced to the defendant Mary Dworack the sum of three thousand seven hundred and fifty dollars with the distinct understanding that said sum was to be used by her in effecting such redemption, and that after such redemption should be effected she would repay said sum to plaintiff, and interest," etc.; it was also found, in effect, that in order to secure plaintiff for the money so advanced, the said Mary Dworack, on said February 18, 1895, executed to plaintiff "an assignment and transfer of all her right as redemptioner, or otherwise, by reason of the redemption that day made by her of the real property above described"; such assignment in terms authorized plaintiff to obtain from the sheriff a deed of the property.

On April 16, 1895, said Roberts quitclaimed to the Bank of Madera whatever interest he then had in .the land. On June 29, 1895, Charles Dworack and Mary Dworack made their several deeds of grant, each purporting to convey the said land to said Bank of Madera, in consideration whereof that bank released its aforesaid judgment against said Charles; at the same time and for the same consideration Mary Dworack released the mortgage for eight thousand five hundred dollars made to her by Charles on January 10, 1894. The court found that the Bank of Madera took possession of the premises under said deeds from Charles and Mary Dworack; and also that it was not at the commencement of this action—July 29, 1895—nor ever at all the owner or entitled to the possession thereof.

It is plain that when Mary Dworack assigned to plaintiff her rights as redemptioner—whatever those may have been—in order to secure the loan plaintiff made to her, she did no more than hypothecate her interest in the land, and if plaintiff should procure the sheriff's deed it will hold the same as mortgagee and not as owner. (Civ. Code, sec. 2924; *Baber v. McLellan,* 30 Cal. 135; *Baker v. Fireman's Fund Ins. Co.,* 79 Cal. 34; *Sears v. Dixon,* 33 Cal. 326.) The Bank of Madera acquired from Charles and Mary Dworack by their deeds of June 29, 1895, the legal title to the land and yet holds the same, subject to such rights of the plaintiff as may be found to inure to it as equitable mortgagee in virtue of its transactions with Mary Dworack. (See *Page v. Rogers,* 31 Cal. 300-305; *Hill v. Eldred,* 49 Cal. 398.) Therefore, the finding declaring that the Bank of Madera is not and never was the owner of the land (on which the judgment enjoining it from asserting any claim thereto seems to have followed) was contrary to the evidence, and the court very properly granted a new trial. The contention of plaintiff, as we understand the argument, that none of the defendants can resist its claim to ownership of the land in the absence of an offer to repay the loan made by it to Mary Dworack, is not sustainable; we see no substantial distinction between this phase of the action and the case where a mortgagee sues the mortgagor in ejectment; payment or offer of payment is not a condition of the right to defend. (*Locke v. Moulton,* 96 Cal. 21.)

The order granting a new trial should be affirmed.

Belcher, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the order granting a new trial is affirmed.

Garoutte, J., Van Fleet, J., Harrison, J.