[Sac. No. 1061.    Department Two.—September 2, 1904.]

SAN JOSE SAFE DEPOSIT BANK OF SAVINGS, Respondent, v. BANK OF MADERA et al., Appellants.

MORTGAGE—PAROL DEBT—STATUTE OF LIMITATIONS—EXTINGUISHMENT OF LIEN.—Where a mortgage is given to secure a debt resting merely in parol, which is barred in two years by the statute of limitations, the lien of the mortgage is extinguished by the lapse of that period under the terms of section 2911 of the Civil Code.

APPEAL from a judgment of the Superior Court of Madera County and from an order denying a new trial. J. K. Law, Judge.

The facts are stated in the opinion of the court.

M. K. Harris, S. L. Strother, and Robert L. Hargrove, for Appellants.

Francis A. Fee, for Respondent.

McFARLAND, J.—This is an action to foreclose what plaintiff designates as an "equitable mortgage," and judgment went for plaintiff as prayed for. The defendant the Bank of Madera appeals from the judgment and from an order denying its motion for a new trial; and the defendants Charles A. Dworack and Mary Dworack appeal from the judgment.

Under our views of the case it is not necessary to state the facts with much detail or to consider all the points made by appellants. The facts material for the purposes of this decision are these: On March 4, 1893, defendant Charles Dworack, being the owner of the land here involved, mortgaged it to one Roberts as security for three thousand dollars which said Charles then owed Roberts. Afterwards, on January 10, 1894, he made a second mortgage of the premises to his mother, the defendant Mary Dworack, to secure the sum of eighty-five hundred dollars. Afterwards Roberts commenced an action to foreclose his mortgage. During the pendency of that action Charles Dworack made to his mother a deed purporting to convey the land to her. Afterwards the

action of Roberts resulted in a decree of foreclosure under which the land was sold to Roberts for $3,515, and he received a certificate of sale. This decree and sale were regular and valid, and no question is raised as to any of the proceedings on the foreclosure. But during the period of redemption the defendant Mary Dworack, being desirous of redeeming from the sale, procured from plaintiff for the purpose of making the redemption a loan of $3,750, and with this money she did accomplish the redemption. At the time of this redemption said Mary executed a certain written instrument, designated as exhibit "E," dated February 18, 1895, to one Moultrie, who took the same for the benefit of plaintiff, and afterwards and before the commencement of this action assigned the same to plaintiff. By this instrument the said Mary did "grant, bargain, sell, assign, transfer, and set over" to Moultrie "all my right as redemptioner, or otherwise, by reason of the redemption this day made by me"; also "all sums of money of every kind, character, and description which may at any time become due or owing to me from said sheriff, or otherwise, in the event said property be at any time redeemed by any other person or persons." By this instrument she also authorized and empowered Moultrie in her name to take all steps necessary to protect his interest, and in the event that no other redemption be effected to obtain from the sheriff "a deed to said property in pursuance of the redemption so made and effected by me as aforesaid." This instrument is on its face an absolute assignment and grant of all her interest, and gives no intimation that it is only a mortgage or lien of any kind, and contains no reference to any sum of money, and no promise to pay any money. But plaintiff alleges that it was intended as a lien to secure the payment of the said money loaned said Mary to effect the redemption, and asks to have it foreclosed as a mortgage; and the court found, upon parol evidence, that this allegation was true, and rendered judgment accordingly. Before the commencement of this action the defendant Bank of Madera, who was the creditor of Charles Dworack, had acquired the title of Charles and Mary Dworack to the premises, although with knowledge of the foregoing facts. This action was not commenced until more than three years after the loan of the said money by plaintiff to Mary Dworack and after the exe-

cution of said exhibit "E," although within four years thereafter.

Appellants contend that the instrument does not constitute a mortgage; that, at most, it either merely assigned her interest as a "redemptioner" under section 701 of the Code of Civil Procedure, which gave the assignee only a right to a sheriff's deed in the event of no subsequent redemption, or else that her right as a redemptioner merged in the legal title which she held under the deed from Charles, and thus being a successor in interest of the judgment creditor she, or plaintiff as her successor, was simply restored to the estate. But, under our views, this point, and certain other points made by appellants, need not be considered. We will assume, for the purpose of this decision, that said instrument, together with the parol evidence, constituted a mortgage; and so assuming, nevertheless, in our opinion, the mortgage was extinguished at the time of the commencement of this action, and appellants' plea of the two years provision of the statute of limitations should have been sustained.

We are not concerned here with the statute of limitations as applicable to an instrument similar in its character to that which used to be called a "dry" mortgage,—that is, where the mortgagor incurred no personal liability, where there was no debt in the sense of an obligation that could be enforced, and where the mortgagor had merely the right to remove the lien by payment of a certain sum of money within a certain time, but could not be compelled to do so. In the case at bar it was averred in the complaint that plaintiff advanced "and loaned" to said Mary the said sum of $3,750; that exhibit "E" was made to plaintiff "to secure it in the repayment" of said money, and to "secure the payment by her to it of usual banking interest thereon"; that she has never repaid the plaintiff any part of said money, "and the whole thereof, principal and interest, is still due, owing and unpaid from her to plaintiff"; and the prayer of the complaint is, that it be adjudged that "said Mary Dworack is justly indebted to plaintiff in the sum of $3,750 and interest," etc., that the mortgaged premises be sold and the proceeds applied to the satisfaction of the amount found due, and that plaintiff "have judgment and execution against said Mary Dworack for whatever deficiency may remain after applying

all the proceeds of said sale," etc.; and the court rendered judgment in accordance with this prayer. The fact that afterwards plaintiff filed what he calls a "remitter" of the deficiency judgment is immaterial. We have here, therefore, the ordinary case of a mortgage given to secure a debt; and as the debt in this case rests merely in parol, and not upon a written instrument, it was barred by lapse of time in two years, and being thus barred the lien of the mortgage sued on was "extinguished" at the time of the commencement of this action. (Civ. Code, sec. 2911.)

We have not overlooked the authorities cited by respondent, and have examined many others on the subject. There are decisions in which it has been held, in the absence of statutory provisions to the contrary, that the bar of a debt by limitation is not such a "discharge" thereof as will bar a mortgage securing it. It may be that the general law on the subject is correctly stated in Jones on Mortgages (sec. 899), as follows: "The rule that a discharge of a debt is a discharge of the mortgage has no application where the debt is merely discharged by the statute of limitations, or by discharge in bankruptcy." But section 2911 of the Civil Code provides as follows: "A lien is extinguished by the lapse of the time within which, under the provisions of the Code of Civil Procedure, an action can be brought upon the principal obligation." This language precludes the construction that the bar of the statute of limitations is not a discharge within the rule, and is an answer to the case of *Union Water Company* v. *Murphy's Flat F. Co.*, 22 Cal. 621, and other cases cited by respondent; although it may be said that in the Union Water Company's case there was no personal liability. In the first part of the opinion in *Newhall* v. *Sherman & Clay*, 124 Cal. 509, there is some language relied on by respondent which was not necessary to the decision of the case. In that case the action on the mortgage was barred by the four years' limitation, and no other question was involved. But in the latter part of the opinion it is said that "whether plaintiff's cause of action is barred depends upon when the money loaned, for which the mortgage was given as security, was due and payable. It not appearing . . . that any time was given or fixed for the payment of the loan, 'the presumption would therefore necessarily arise that it was due immediately or

upon demand, and therefore was barred at the time this action was commenced,' and that the debt secured by the mortgage being barred it necessarily follows that the mortgage is also barred.'' (Citing numerous California cases, and section 2911 of the Civil Code.) The ''principal obligation'' in the case at bar was clearly the indebtedness, and as it was not founded on a written promise an action on it was barred in two years after it accrued. Indeed, the asserted mortgage itself rested only in parol; the written assignment or grant was only one link in the chain which was relied upon to sustain the action. The conclusion here reached may work a hardship on plaintiff; but such a result does sometimes follow a neglect to keep within the statute of limitations, which upon the whole is a beneficial law.

The judgment and order appealed from are reversed.

Henshaw, J., and Lorigan, J., concurred.