[Sac. No. 1533.    In Bank.—July 3, 1909.]

# SAN JOSE SAFE DEPOSIT BANK OF SAVINGS, Respondent, v. BANK OF MADERA et al., Appellants.

LOAN TO REDEEM FROM FORECLOSURE SALE—REPAYMENT UPON RECEIPT OF SHERIFF'S DEED—MATURITY OF OBLIGATION.—Under an agreement whereby money was advanced for the purpose of redeeming land from a foreclosure sale, by the terms of which it was agreed that the certificate of redemption should be assigned to the lender, and, if no other redemption was made, he should obtain the sheriff's deed of the property and hold it as security for the loan, and that the borrower, as soon as the sheriff's deed was so received would repay the money advanced, whereupon the lender would convey the property, the obligation to repay the money did not become absolute at the time of the expiration of the period of redemption. Such obligation did not mature until after the right to the sheriff's deed had accrued and a reasonable time thereafter had elapsed within which the lender could have procured it. What such reasonable time would be, under the circumstances of the case, would be a question of fact for the trial court.

ID.—LIEN OF LENDER—CERTIFICATE OF REDEMPTION.—Upon loaning the money in pursuance of such agreement, and receiving the certificate of redemption, the lender acquired an equitable lien upon the land for the repayment of the money. Such certificate, until the deed was executed, was a sufficient evidence of the lien and preserved the rights of the lender.

ID.—UNREASONABLE DELAY IN EXECUTION OF SHERIFF'S DEED INDUCED BY BORROWER—ACTION TO ENFORCE LIEN—STATUTE OF LIMITATIONS. —A delay for upwards of nine years in the execution of the sheriff's deed, caused by the wrongful interference and groundless objections of the borrower, could not have the effect of compelling the lender to wait that period for the repayment of the money advanced. Under the circumstances of this case, an action to enforce the lien brought about three years after the right to the sheriff's deed accrued was not premature, nor barred by the statute of limitations.

ID.—AMENDMENT OF COMPLIANT—CHANGE OF CAUSE OF ACTION.—In an action to enforce a lien upon the land for the money advanced, an amendment to the complaint, with respect to the time of maturity of the obligation to repay the money, changing it from an obligation to repay it immediately upon its advancement to an obligation to repay upon the execution of the sheriff's deed, was not erroneous, and did not amount to a change of the cause of action.

APPEAL from a judgment of the Superior Court of Madera County. H. C. Gesford, Judge presiding.

The facts are stated in the opinion of the court.

M. K. Harris, and S. L. Strother, for Appellants.

F. A. Fee, and Frank H. Short, for Respondent.

SHAW, J.—The defendants appeal from a judgment in favor of the plaintiffs. The complaint states a cause of action to foreclose an equitable mortgage or lien.

The main question presented by the record is the question whether or not the cause of action is barred by the statute of limitations. This question depends upon the terms of the agreement between the parties with respect to the event which should make absolute and immediate the obligation of the defendant Mary Dworack, to repay to the plaintiff the moneys advanced by plaintiff in her behalf.

The case has been before this court on several previous occasions (*San Jose Safe Deposit Bank* v. *Bank of Madera*, 121 Cal. 539, [54 Pac. 83, 270] ; 121 Cal. 543, [54 Pac. 85] ; 144 Cal. 574, [78 Pac. 5].) Upon the last appeal the judgment of the lower court was reversed and the cause remanded for a new trial upon the ground that the action was barred by the statute of limitations. In the complaint before the court in that case there was no allegation with respect to the time of maturity of the obligation to repay the money constituting the debt which the plaintiff sought to recover, and the court treated it as a debt which was due immediately upon its creation, and decided the case upon the theory that the statute of limitations immediately began to run.

The following statement of the facts alleged in the complaint, all of which are found to be true by the trial court upon sufficient evidence, will suffice to present the question involved in the case.

Charles A. Dworack was the original owner of the land involved. In 1893 he executed a mortgage thereon for the sum of three thousand dollars, which was duly recorded. In July, 1894, he executed a second mortgage thereon to the defendant Mary Dworack, who was his mother, for the sum of eighty-five hundred dollars. The first mortgage was foreclosed in an action to which Mary Dworack was made a party defendant. An order of sale was issued and the land was sold upon this foreclosure for the sum of $3515.20. In January, 1895, Mary Dworack, as a second mortgagee, desired to redeem the property from this sale. She had no money with which to effect such redemption and thereupon applied to the plaintiff for the same. The plaintiff agreed that it would advance to her the money necessary for that purpose upon the arrangement that she should assign to the plaintiff all the rights which she would acquire in the land by reason of such redemption; that the certificate of redemption should be assigned to the plaintiff; and, if no other redemption was made, the plaintiff should obtain the deed of said property by such sale from the sheriff of the county and hold the same as security for the money advanced. It was further, at the time, and as part of the same transaction, agreed between the plaintiff and said Mary Dworack that as soon as the sheriff's deed was received by the plaintiff, the said Mary Dworack would repay to the plaintiff the money advanced by it for her and that thereupon the plaintiff would convey, or cause to be conveyed, to her the interest in the property which it would have acquired under the said sheriff's deed. The redemption was effected in pursuance of this arrangement, the money therefore being advanced by the plaintiff. The certificate of redemption was first taken in the name of one Moultrie who immediately transferred the same to plaintiff. No other redemption was made and the right to a sheriff's deed under the foreclosure, by reason of the sale and the subsequent redemption, had accrued to the plaintiff. Thereupon, the plaintiff applied to the sheriff for a deed of the property. Mary Dworack and Charles A. Dworack and the defendant, the Bank of Madera, conspiring together for that purpose, objected to the execution of said deed by the said sheriff, and interfered with and prevented the sheriff from executing the said deed as he otherwise would have done, and by such interference and objections, and

in spite of the diligent attempts of the plaintiff to procure a deed, they delayed the execution of such deed by the sheriff until December 5, 1904. At the time the redemption was effected, Mary Dworack had become the owner of the legal title to the property by conveyance from Charles A. Dworack. Afterwards, she conveyed the same to the defendant, the Bank of Madera. This action was begun on August 29, 1898.

The claim of the appellants is that the obligation to repay the money to the plaintiff matured at the time that the plaintiff became entitled to a sheriff's deed under the redemption. The sheriff's sale occurred on December 12, 1894, and under the law then in force the time for redemption expired on June 12, 1895. The action was begun more than three years after the latter date, and, if this claim is correct, the action was barred by the statute of limitations. We are of the opinion, however, that under the facts found to be true by the court with respect to the agreement between the parties, the obligation to repay the money did not become absolute at the time of the expiration of the period of redemption. The agreement was that she should repay the money as soon as the sheriff's deed was received and that thereupon, that is, upon the payment of the money, the plaintiff would convey the property to her. The obligation to repay, therefore, did not mature until after the right to the sheriff's deed had accrued and a reasonable time thereafter had elapsed within which the plaintiff could have procured it. The receipt of this sheriff's deed by the plaintiff was delayed for more than nine years by the groundless objections and wrongful interference of Mary Dworack herself. The plaintiff could not justly be compelled to await the nine years for the repayment of the money advanced. Mary Dworack had no more right in equity thus to postpone the time of payment, than the plaintiff would have had to postpone it by an unreasonable delay in applying for a deed. She would have had the right, in the latter case, to offer payment after the lapse of a reasonable time, or perhaps at any time, and the plaintiff had the right, in the former event, to demand payment after she had wrongfully delayed the execution of the deed for an unreasonable time. What such reasonable time would be, under the circumstances of the case, would be a question of fact for the trial court. In making its decision it had the right to consider the record in

the case. That record, including the opinions of this court upon the former appeals, shows that the plaintiff was not clearly apprised of its rights for a considerable period after the right to the deed had accrued. These circumstances had an important bearing upon the question. In view of these and all the other circumstances hereinbefore recited, we are satisfied that the court did not err in holding that the action was not premature, and that the obligation of Mary Dworack to repay the money to plaintiff did not mature until within two years before the beginning of the action.

It is also claimed by the appellants that the court erred in allowing the plaintiff to amend its complaint, after the reversal by the decision in 144 Cal. 574, [78 Pac. 5], so as to allege the special agreement with respect to the time of maturity of the obligation of Mary Dworack to repay the money, changing it from an obligation to repay it immediately upon its advancement, to an obligation to repay plaintiff upon the execution of the sheriff's deed under the foreclosure. We do not think the court erred in this respect. The amendment was made in the furtherance of justice, and, as the events showed, in accordance with the actual facts of the case. A further claim is made that by this amendment the cause of action was changed, and that, in effect a new action was begun upon the date of the filing of the last amended complaint. We do not think the amendment changed the cause of action. It still remained, as before, a cause of action to enforce the lien of the plaintiff upon the land of the defendants to secure the payment of the original debt caused by the advancement of the money by the plaintiff to redeem from the foreclosure sale. The mere change of the allegations with respect to the contract, showing a different time of maturity, did not change the cause of action.

It is again urged, although without much insistence, that the transaction between Mary Dworack and the plaintiff did not invest the plaintiff with any lien upon the land for the payment of the money. We cannot agree with this contention. The money was paid upon an arrangement by which the plaintiff was to obtain the sheriff's deed as security for its money. It received the certificate of redemption which, until the deed was executed, was a sufficient evidence of its lien upon the property and preserved its rights. The defendants all

had notice of the entire proceedings and their rights are subject to those of the plaintiff.

The judgment is affirmed.

Sloss, J., Lorigan, J., Henshaw, J., and Melvin, J., concurred.