[L. A. No. 2287. In Bank.—January 6, 1910.]

LILLY-BRACKETT COMPANY (a Corporation), Respondent, v. A. H. SONNEMANN, Defendant and Appellant; WILLARD G. BRACKETT, Defendant.

JUDGMENT BY DEFAULT ON CONSTRUCTIVE SERVICE—SHOWING NECESSARY TO SET ASIDE.—Under the third clause of section 473 of the Code of Civil Procedure, the service of a summons by mailing, pursuant to an order for its publication, is not a personal service; and a defendant so served is entitled to have his default set aside, without making any showing of mistake, inadvertence, surprise, or excusable neglect.

ID.—ORDER SETTING ASIDE DEFAULT—TRIAL UPON MERITS.—An order setting aside a default based upon a service by publication, and

directing that the "case be tried upon its merits," merely follows the provision of section 473 of the Code of Civil Procedure.

ID.—STATUTE OF LIMITATIONS IS DEFENSE ON MERITS—STRIKING OUT DEFENSE FROM ANSWER.—A plea of the statute of limitations is an answer to the merits, within the meaning of such order and section of the code, and as such is a meritorious defense which may be set up after the default has been vacated. Upon being set up, it is error for the court to strike it out on the ground that it was in violation of the order setting aside the default.

MORTGAGE EXECUTED IN FOREIGN STATE—STATUTE OF LIMITATIONS TO FORECLOSURE IN THIS STATE—PLEADING.—Where a note and mortgage on land in this state were executed in a foreign state, the bar of the statute of limitations to an action in this state to foreclose the mortgage, on the ground that the cause of action was barred by the laws of the foreign state, is sufficiently pleaded, under section 458 of the Code of Civil Procedure, by the averment that the action was barred by the provisions of section 361 of that code.

ID.—PRESUMPTION OF IDENTITY OF FOREIGN LAW.—In the action in this state to foreclose the mortgage, in which the statute of limitations is so pleaded, the presumption obtains, in the absence of evidence to the contrary, of the identity of the law of the foreign state on that subject with the law of this state.

ID.—BAR OF ACTION ON NOTE IN FOREIGN STATE BARS FORECLOSURE IN THIS STATE.—In this state the note is considered as the principal obligation and the mortgage as an incident, and, although they constitute one inseparable contract, the statute which operates as a bar to the action on the debt deprives the mortgagee of the right to enforce the lien of the mortgage. Consequently, if an action on the note alone was barred by the law of the foreign state in which the cause of action arose, the action of foreclosure in this state was also barred, and such bar is available as a defense under a plea of section 361 of the Code of Civil Procedure.

APPEAL from a judgment of the Superior Court of Riverside County. F. E. Densmore, Judge.

The facts are stated in the opinion of the court.

J. W. McKinley, for Appellant.

H. L. Carnahan, Herbert Cutler Brown, and George H. Moore, for Respondent.

THE COURT.—After this case had been heard and decided in Department One, a rehearing was granted in order that we might further examine the authorities touching upon the de-

fense of the statute of limitations, and particularly that we might consider whether or not at the time of the adoption of section 473 of the Code of Civil Procedure the rule was that given in the decision by the Department. A further consideration of this subject has convinced us that the weight of recent authority is overwhelmingly in favor of the rule announced in the decision rendered in Department, and that even at the time of the adoption of section 473 the modern doctrine had been adopted in many jurisdictions. That part of section 473 of the Code of Civil Procedure which has reference to the reopening of judgments in cases in which personal service has not been obtained was adopted in 1872, and was based upon section 68 of the Practice Act as amended (Stats. 1865-6, c. 619, sec. 1). The case of *Ekel* v. *Snevily,* 3 Watts & S. (Pa.) 273, [38 Am. Dec. 758], cited in the Department opinion, was decided in 1842, and was the first Pennsylvania case announcing the rule quoted by Mr. Justice Sloss. The earlier cases of *Shock* v. *McChesney,* 4 Yeates, (Pa.) 507, [2 Am. Dec. 415], and *Bank* v. *Israel,* 6 Serg. & R. (Pa.) 294, cited in *Ekel* v. *Snevily,* were decided, respectively, in 1808 and 1820, but do not declare the rule as emphatically as it is set forth in *Ekel* v. *Snevily,* 3 Watts & S. (Pa.) 273, [38 Am. Dec. 758]. *Sanders and Davis, Administrators,* v. *Robertson,* 23 Miss 389, decided in 1852, squarely determined that the plea of the statute is one to the merits. *Gourlay* v. *Hutton,* 10 Wend. (N. Y.) 595, was a case in which it was determined that on an ordinary application to set aside a default the court will not impose the condition that the statute of limitations be not pleaded. This case was decided in 1833. It will thus be seen that at the time of the adoption of section 473 of the Code of Civil Procedure, there was a conflict of decision in the various states of the union, some of the courts of last resort, adhering to the doctrine of *Brown* v. *Sutter,* 1 Dall. (U. S.) 239, and the cases depending thereon, and others following the rule which is supported by the great weight of later authority and announced in the opinion rendered in Department.

We therefore adopt the aforesaid opinion as that of the court. It is as follows:—

SLOSS, J.—"This action was brought to foreclose a mortgage given by the defendants Sonnemann and Brackett to secure their promissory note for $10,000 made on the 7th day

of December, 1896, and payable to plaintiff, a Massachusetts corporation, one year after date. Both note and mortgage were executed in Massachusetts. The action was commenced on November 23, 1906. On the same day the court made an order providing for the service of summons on the defendant Sonnemann by publication. Pursuant to this order, which was based upon a sufficient affidavit, the summons was duly published, and a copy thereof, together with a copy of the complaint, were, on November 23, 1906, mailed by plaintiff to Sonnemann at his residence in the state of Washington. Sonnemann did not appear within the time allowed by law, and his default was duly entered, as was that of Brackett, on February 27, 1907, and a decree of foreclosure was made and entered against said defendants. Shortly thereafter Sonnemann appeared and moved the court to set aside the decree and open the default, and this motion was granted by an order reading: 'It is ordered that the decree be set aside and the default opened, and that the case be tried upon its merits. It is further ordered, that the defendant pay all costs that have accrued to this date.' The defendant Sonnemann promptly paid the costs so required to be paid by him, and filed his answer. In it he set up two defenses—that the note and mortgage were not supported by any consideration, and that the cause of action is barred by section 361 of the Code of Civil Procedure.

"The cause came on for trial, some months later, and, before any testimony had been offered, counsel for Sonnemann in effect withdrew the first defense set up in his answer and placed his reliance solely upon the plea of the statute of limitations (Code Civ. Proc., sec. 361). At a later stage of the trial, plaintiff moved the court to strike out that portion of the answer pleading section 361, upon the grounds that it was not a plea of a meritorious defense, and was filed in violation of the order setting aside Sonnemann's default. The court granted the motion and entered judgment of foreclosure in favor of plaintiff. Sonnemann appeals from the judgment, maintaining that the court erred in striking out his plea of the statute of limitations.

"The affidavits filed in support of the motion to vacate the default showing that he had in fact received copies of the summons and complaint mailed to him, and alleged circum-

stances tending to make out a case of excusable neglect on the part of the attorney who had been employed by him to defend the suit. But such mailing, pursuant to an order for publication of summons, was not a 'personal service,' and he was therefore entitled to have the default set aside under the third clause of section 473 of the Code of Civil Procedure, without making any showing of 'mistake, inadvertence, surprise or excusable neglect.' (*Gray* v. *Lawlor,* 151 Cal. 352, [90 Pac. 691].) We need not consider whether his actual knowledge of the pendency of the proceedings would have authorized the court to attach to its order opening the default any conditions as to the character of the defense to be made. No such conditions were here imposed. The order that 'the case be tried upon its merits' merely followed the code section (473) which provides that when the summons has not been personally served on the defendant, the court may allow him, within one year after the rendition of the judgment, to answer to the merits of the original action.' If the court had discretion to limit the effect of its order opening the default, it had not so exercised its discretion, but had made the order general. The cases holding that it is not an abuse of discretion to refuse permission to amend an answer by adding a plea of the statute (*Cooke* v. *Spears,* 2 Cal. 409, [56 Am. Dec. 348] ; *Bank* v. *Heron,* 122 Cal. 109, [54 Pac. 537] )', are therefore not in point.

"The sole question, then, is whether a plea of the statute of limitations is an answer to the merits. The point is one that has come before the courts of various states, and while the earlier cases showed a tendency to hold that such a plea is merely technical, and should not be permitted to a defendant who has been in default (*Hawes* v. *Hoyt,* 11 How. Pr. 454; *Brown* v. *Sutter,* 1 Dall. (U. S.)' 239; *Pennington* v. *Gibson,* 6 Ark. 447; *Sheets* v. *Baldwin's Adm'rs,* 12 Ohio, 120; *Newsom's Adm'r.* v. *Ran.,* 18 Ohio, 240; *Carr* v. *Dawes,* 46 Mo. App. 351), the decided weight of authority, and particularly of modern authority, supports the view that the statute of limitations is to be viewed as a statute of repose, and, as such, is a meritorious defense which may with propriety be set up after a default has been vacated. In *Ekel* v. *Snevily,* 3 Watts & S. 273, [38 Am. Dec. 758], the supreme court of Pennsylvania thus referred to the rule which had theretofore (*Brown* v. *Sutter*) been declared in that state: 'It is said in *Brown* v.

*Sutter* (1 Dall, 239,) that a judgment will not be opened to let in the statute of limitations; but as the plea of that statute has since been considered in *Shock* v. *McChesney* (4 Yeates, 507, [2 Am. Dec. 415]), and the *Bank* v. *Israel,* (6 Serg. & R. 294) to be no longer an unconscionable one, the rules of practice would scarce be so held now.' This language was quoted with approval in *Sossong* v. *Rosar,* 112 Pa. St. 197, [3 Atl. 768], the court adding, 'many times since we have commended it as a meritorious defense.' See, also, *Ellinger's Appeal,* 114 Pa. St. 505, [7 Atl. 180].) Other cases holding that an affidavit disclosing the defense of the statute of limitations is good as an affidavit of merits on an application to open a default, or that, after a general order opening a default, the statute may be pleaded, are *Sanders* v. *Robertson,* 23 Miss. 389; *Gourlay* v. *Hutton,* 10 Wend. 595; *Wheeler* v. *Castor,* 11 N. Dak. 347, [92 N. W. 381]; *Garvie* v. *Greene,* 9 S. Dak. 608, [70 N. W. 847]; *Mitchell* v. *Campbell,* 14 Or. 454, [13 Pac. 190]; *Hane* v. *Goodwyn,* 1 Brev. (S. C.) 461; see, also, *Benedict* v. *Arnoux,* 85 Hun, 283, [32 N. Y. Supp. 905]; *Freeman* v. *Hill,* 45 Kan. 435, [25 Pac. 870]; 23 Cyc. 964.

"As has been suggested, most of these decisions rest upon the position, not formerly held, that statutes of limitations are to be viewed favorably as affording to parties who may, by the lapse of time, have lost the ability to procure evidence, repose and security from stale demands. In *Wood* v. *Carpenter,* 101 U. S. 135, the supreme court of the United States says that 'statutes of limitation are vital to the welfare of society, and are favored in the law. They are found and approved in all systems of enlightened jurisprudence; they promote repose by giving security and stability to human affairs; important public policy lies at their foundation; they stimulate to activity and punish negligence. While time is constantly destroying the evidence of rights, they supply its place by a presumption which renders proof unnecessary.' This language has twice been quoted with approval by this court (*Shain* v. *Sresovich,* 104 Cal. 406, [38 Pac. 51]; *Nichols* v. *Randall,* 136 Cal. 432, [69 Pac. 26]), and the views so declared furnish satisfactory ground for holding that a defendant is answering to the merits when he asserts that the action is barred by lapse of time. The plea in this case being one that was permitted by the provisions of the code section, as well as by the terms of the order opening the default, it should not have been stricken out.

"We cannot regard the error so committed as harmless. The particular provision relied on by Sonnemann was section 361 of the Code of Civil Procedure, which declares that where a cause of action has arisen in another state, and an action there is barred by the laws of that state, an action thereon shall not be maintained in this state, except in favor of one who has been a citizen of this state and has held the cause of action from the time it accrued. The appellant offered evidence tending to show that a cause of action on the note, which was executed in Massachusetts, would have been barred in that commonwealth, if its statutes of limitation had been the same as ours. No proof was made of the law of Massachusetts, and it is argued that as the burden of sustaining the plea of limitation was on defendant, and a necessary part of that defense was the law of another state, no harm was done him in striking out his plea. It is true that the order striking out was made after the conclusion of the trial and that it did not prevent appellant from putting in any evidence which he desired to offer. But we think his proof, coupled with the presumption that the law of another state is the same as that of the forum *Hickman* v. *Alpaugh,* 21 Cal. 226; *Norris* v. *Harris,* 15 Cal. 226; *Bovard* v. *Dickenson,* 131 Cal. 162, [63 Pac. 162]; *In re Harrington's Estate,* 140 Cal. 244, [98 Am. St. Rep. 51, 73 Pac. 1000]; *Flood* v. *Dunphy,* 147 Cal. 95, [81 Pac. 315), was sufficient to have sustained a finding in his favor. No doubt this presumption, like that of the continuance of things once shown to exist (Code Civ. Proc., sec. 1963, sub. 32) is one of evidence, and not of pleading (*Fredericks* v. *Tracy,* 98 Cal. 658, [33 Pac. 750]). The appellant, relying on a foreign law, was bound to allege it. But since this law was a part of a plea of the statute of limitations, it was, under the provision of section 458 of the. Code of Civil Procedure, sufficiently pleaded by the averment that the action was barred by the provisions of section 361. We see no reason for holding that the presumption of identity of foreign law with that of the forum should not apply as well to this as to any other case. *Richardson* v. *Mackay,* 4 Okla. 328, [46 Pac. 546], is cited by respondent to the point that this presumption will not be indulged in support of a 'substantive defense' (i. e., that the action was barred by a statute like Code Civ. Proc., sec. 361), but the case appears to be one in which the defendant failed to allege facts showing

that the bar had attached in the other state. Where, however, the fact as to the foreign law is properly alleged, we think the presumption that the law is the same as that of the forum must be applied in the absence of proof whether or not the effect will be to sustain a 'substantive defense.' "

In the petition for rehearing it was urged by respondent that the statute of limitations upon which appellant relied (Code Civ. Proc., sec. 361) had no application to this case, and that, consequently, the order striking out the plea of that statute, although made for another declared reason, was not prejudicial to appellant's rights. As this is an action to foreclose a mortgage upon real estate located in California, and as there can be in this state but one form of action to recover a debt secured by a mortgage (Code Civ. Proc., sec. 726) respondent's contention is that the relief is sought primarily against the land, and that the mortgagor is liable only in the event the proceeds of a sale will not prove sufficient to meet the debt. An action on the debt alone could not be maintained in California. Neither could an action to subject land in California to the payment of a debt be maintained in Massachusetts. It is argued, therefore, that the action is indivisible and founded upon the note and mortgage, constituting one inseparable contract (*Meyer* v. *Weber*, 133 Cal. 685, [65 Pac. 1110]; *Trinity County Bank* v. *Haas*, 151 Cal. 555, [91 Pac. 385]), and that as no suit upon the mortgage and note could be tried in Massachusetts, a statute of limitation of that commonwealth applicable to personal actions can have no relevancy to the suit in California. This position finds support in other states. For example, in *Gillett* v. *Hill*, 32 Iowa, 220, it was held that, in an action somewhat similar to this, an answer setting up a plea of the New York statute to the note was insufficient because it failed to state that the law of New York also barred the foreclosure of the mortgage. That case was cited in one of the briefs in *Allen* v. *Allen*, 95 Cal. 184, [30 Pac. 213], and in that case this court said: "In this state, when an action on a promissory note, secured by mortgage of the same date upon real property, is barred by the statute of limitation, the mortgagee has no remedy upon the mortgage. (*Lord* v. *Morris*, 18 Cal. 482; *Heinlen* v. *Castro*, 22 Cal. 100.) The debt is regarded as the principal, and the mortgage is a mere incident. When the debt is barred, the remedy upon the mortgage is

also barred. (*McCarthy* v. *White*, 21 Cal. 495, [82 Am. Dec. 754].) If, therefore, respondents could not maintain an action in New York for the recovery of the money due, they could not maintain an action in this state to foreclose the mortgage. (Code Civ. Proc., sec. 361.)"

In *San Jose Deposit Bank of Savings* v. *Bank of Madera*, 144 Cal. 577, [78 Pac. 7], the following language was used: "We have here, therefore, the ordinary case of a mortgage given to secure a debt; and as the debt in this case rests merely in parol, and not upon a written instrument, it was barred by lapse of time in two years, and being thus barred the lien of the mortgage sued on was 'extinguished' at the time of the commencement of this action. (Civ. Code, sec. 2911.) We have not overlooked the authorities cited by respondent, and have examined many others on the subject. There are decisions in which it has been held, in the absence of statutory provisions to the contrary, that the bar of a debt by limitation is not such a 'discharge' thereof as will bar a mortgage securing it. . It may be that the general law on the subject is correctly stated in Jones on Mortgages (sec. 899), as follows: 'The rule that a discharge of debt is a discharge of the mortgage has no application where the debt is merely discharged by the statute of limitations, or by discharge in bankruptcy.' But section 2911 of the Civil Code provides as follows: 'A lien is extinguished by the lapse of the time within which, under the provisions of the Code of Civil Procedure, an action can be brought upon the principal obligation.' "

Both parties to the contract were in Massachusetts at the time it was made. When the time for payment of the note arrived they still resided in Massachusetts, and on breach of the obligation a cause of action on the note alone arose in Massachusetts regardless of the fact that the remedy of foreclosure must be pursued in California, where the land subject to the mortgage was situated. (*Felton* v. *West*, 102 Cal. 266, [36 Pac. 676].) The note is the principal obligation and the mortgage is an incident, and although the note and mortgage are one inseparable contract, the statute which operates as a bar to the action on the debt deprives the mortgagee of the right to enforce the lien of the mortgage. (*San Jose Safe Deposit Bank of Savings* v. *Bank of Madera*, 144 Cal. 577, [78 Pac. 7]; *Puckhaber* v. *Henry*, 152 Cal. 423, [125 Am. St.

Rep. 75, 93 Pac. 114].)   We are therefore of the opinion that
the point last discussed, which was raised for the first time
upon application for rehearing, cannot prevail to change our
conclusions, and that, in spite of the peculiárity of our action
of foreclosure in California, the plea of the Massachusetts
statute as a bar to the action on the note is available.

The judgment is reversed and the cause remanded for a new
trial.

Beatty, C. J., does not participate in the foregoing.